### GUY v. McDANIEL.

1. DEMURRER—PLEADINGS—CAUSE OF ACTION.—Upon demurrer a complaint should be liberally construed, and sustained, if by such interpretation a cause of action is stated, although the precise nature of the charge is not apparent.

2. PLEADINGS—WORDS AND PHRASES.—The allegations that the plaintiff, as county dispenser, "has only accounted for, paid or remitted, &c., and has thus misappropriated, misused, &c.," held to state that he sold the liquors received by him, and failed to properly account for proceeds.

3. WORDS AND PHRASES.—"Price" held to mean the sum of money for which a thing is bought or sold or offered for sale.

4. IBID.—"Account for, pay and remit price of same," held to mean "account for, pay and remit the sum for which he sold the same."

5. PLEADINGS—BONDS.—In a suit on a bond with conditions, the breach of the conditions must be specifically alleged, unless a general negation *necessarily* shows a breach.

Before BENET, J., Chester, October, 1897.   Reversed.

Action by W. O. Guy, as county treasurer, against James M. McDaniel and the American Bond and Trust Company of Baltimore City.   Demurrer sustained.   Plaintiff appeals.

*Solicitor S. K. Henry*, for appellant, cites: Act of 1896, p. 125; 27 S. C., 318.

*Messrs. Glenn & McFadden*, for McDaniel, contra.

*Mr. George W. Gage*, for Trust Co., contra, cites: 22 Stat., 123; 1 Bail., 464.

March 10, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is a suit by the treasurer of Chester County on the official bond of the defendant, McDaniel, as county dispenser, at Chester, S. C., under the dispensary law.   The defendants, McDaniel and the American Bonding and Trust Company, his surety on his bond, made a joint demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The Circuit Court sustained the demurrer and dismissed the complaint, from which order the plaintiff now appeals.

Omitting the formal parts of the complaint, we quote the fourth and fifth paragraphs as follows: "4. That on the day of July, 1896, the said James M. McDaniel, as county

dispenser, and the other defendant company aforesaid, entered into bond to county treasurer of Chester County, in said State, in the penal sum of $3,000, to be paid to the said county treasurer, his successors in office or assigns, with the 'following conditions, to wit: That if the said James M. McDaniel, county dispenser for the county of Chester, forward all moneys received by him, on Monday of each week, to the State commissioners, and send a duplicate statement of such remittance to the State board of control, and shall, also, at the same time, deposit with the county treasurer the portion of all moneys received by him belonging to the county and municipal authorities, and shall well and truly obey all the laws now or hereafter in force, in relation to the sale of intoxicating liquors, and the rules of the county and State boards of control, and shall pay all fines, penalties, damages and costs that may be assessed or recovered against him for any violation of said laws and rules; and shall not sell any intoxicating liquors under his permit, as dispenser, at a charge exceeding fifty per cent. above the cost thereof to him, and shall make all reports and settlements as such dispenser, now or hereafter, required of him by law, then this obligation to be void and of none effect, or else to remain in full force and effect, in case he is in default in the discharge of his duties in any one or all of the particulars herein mentioned, a copy of the original said bond being hereto attached, marked exhibit 'A,' and made a part of this complaint. 5. That the said defendant, James M. McDaniel, as such county dispenser, at Chester, in the county of Chester, and said State, while discharging the duties of such county dispenser, between the 30th day of June, 1896, and the 5th day of September, of the same year, received various amounts and shipments of whiskeys, wines, ales and other intoxicating liquors from his predecessor in office and the State commissioner, amounting in the aggregate in value to $          , and in violation of his duty as such dispenser, failed and refused, and still doth fail and refuse, to account for, pay and remit the price for the same, but has only accounted

for, paid or remitted to the proper officers the sum of $　　,
and has thus misappropriated, misused and wrongfully dis-
posed of a large amount of money, to wit: the sum of $860,
and has thus violated the provisions of the said act of the
General Assembly entitled as aforesaid, to the damage of the
plaintiff, as county treasurer for Chester County, to the ex-
tent of such failure; that he has not, as such county dis-
penser, paid all fines, penalties, damages and costs for which
he is accountable, and which he should have paid, and which
are due and should have by him been paid, for violating the
provisions of the said act of the General Assembly, and has
not well and truly performed his duty and obeyed the laws
of South Carolina in force at the time of the execution of
the aforesaid bond in relation to the sale of intoxicating
liquors, or since enacted."

The demurrer alleged that the complaint failed to state a
cause of action, "(1) in that it fails to allege that the liquors
which came to the hands of McDaniel were sold by him, and
he failed to properly account for the proceeds thereof; (2) in
that it fails to state what fines, penalties, damages and costs
have not been paid by said McDaniel; (3) in that it fails to
state what duties said McDaniel has failed to perform and
what laws he has failed to obey."

In determining the question whether a pleading is demur-
rable, on the ground that it does not state facts sufficient to
constitute a cause of action, the Court must construe
the allegations liberally, with a view of substantial
justice between the parties. If, therefore, by a libe-
ral interpretation of the language used, a cause of action is
stated, even though the allegations may be so indefinite or
uncertain that the precise nature of the charge is not appa-
rent, the demurrer should be overruled. Reading the com-
plaint according to this rule, we think the Circuit Judge
erred in sustaining the demurrer.

The complaint in paragraph 4, above quoted, sets out the
conditions of the bond, and in paragraph 5 attempts to set
out the breaches of such conditions. It alleges the receipt

by the county dispenser, as such, of certain intoxicating liquors, and that he "failed and refused, and still doth fail and refuse, to account for, pay and remit the price of the same, but has only accounted for, paid or remitted to the proper officers the sum of $　　　, and has thus misappropriated, misused and wrongfully disposed of * * * $860, * * * to the damage of the plaintiff, as county treasurer, &c." It is argued that this allegation is fatally defective, because it is not therein stated that the liquors which came to the hands of McDaniel were *sold* by him, and he failed to properly account for the proceeds thereof. Conceding that the allegation lacks in definiteness and certainty, still we think the language used is capable of an interpretation, which would make it substantially mean that the dispenser had sold the liquor and refused to account for the proceeds of the sale of same. It is alleged that he refused to "account for, pay and remit the price of same." "Price" does not simply mean "value" or "cost," but it means the sum of money for which a thing is bought, or sold, or offered for sale. The allegation that he refused to "account for, pay and remit the price of same," therefore, may be construed to mean that he refused to "account for, pay and remit the sum for which he *sold* the same." The complaint further goes on and alleges, "but has only accounted for, paid or remitted to the proper officers the sum of $　　　, and has thus misappropriated, misused, and wrongfully disposed of * * * $860 * * * to the damage of the plaintiff as county treasurer," &c. As a county dispenser could not misappropriate or wrongfully dispose of money, unless he has received it, and as the only way he could receive money as county dispenser is from the sale of liquors received by him as such, it is a reasonable construction of the allegation above to say that it was thereby intended to charge that the liquors which came into the hands of McDaniel were sold by him and he failed to properly account for the proceeds thereof. If the language used *tended* to

state this, the first specification in the demurrer was not well taken.

The second specification in the demurrer, viz: failure of the complaint to state what fines, penalties, damages, and costs have not been paid, need not be considered. The appellant, in his argument, says that "the plaintiff claims nothing on account of fines, penalties, &c., mentioned in the complaint," and he does not seek to sustain the complaint in this particular.

The third specification in the demurrer, viz: failure of the complaint to state what duties said McDaniel has failed to perform, and what laws he has failed to obey, would be well taken but for the conclusion reached above in the consideration of the first specification. Under the Code, in a suit on a bond with conditions, it is necessary to assign in the complaint a breach of the condition. *State* v. *Seabrook*, 31 S. C., 605. It is generally sufficient to clearly negative the words of the condition when such negation necessarily shows a breach. *State* v. *Scheper*, 33 S. C., 578. But the breach must be specifically assigned when such general assignment does not necessarilly amount to a breach. 3 Enc. Pl. & Pr., 657. Therefore, in a suit on a bond with a condition that the obligor "shall well and truly obey all the laws now or hereafter in force in relation to the sale of intoxicating liquors," it is not a sufficient assignment of a breach to say that the obligor "has *not* well and truly performed his duty and obeyed the laws of South Carolina in force at the time of the execution of the aforesaid bond in relation to the sale of intoxicating liquors, or since enacted." This assignment of a breach, considered by itself, is too general, since the law prescribes more than one duty, in which case the complaint should notice the defendant what particular duty has not been performed. But in considering the first specification in the demurrer, we have ruled that the complaint is not demurrable, on the ground that it fails to allege that the liquors which came to the hands of McDaniel were sold by him and he failed

to properly account for the proceeds thereof; holding that the statements in the complaint at least tend to show such fact; therefore, the specification that the obligor refuses to account for and pay over the price of liquors sold by him as dispenser is a sufficient specification or assignment of a breach of the obligor's duty under the law and the conditions of his bond.

It is unnecessary to consider whether the complaint states a good cause of action against the defendant company as surety, since the demurrer is joint, and must fail as to both, if it is bad as to one. *Lowry* v. *Jackson*, 27 S. C., 318.

The judgment of the Circuit Court is reversed.