## 8183

### CLINE v. SOUTHERN RAILWAY CO.

#### (86 S. E. 17.)

MASTER AND SERVANT. SCOPE OF EMPLOYMENT. SAFE PLACE AND APPLIANCES. ADEQUATE LABOR. APPEAL AND ERROR.

1. MASTER AND SERVANT—SAFE PLACE.—It being the duty of a foreman of a railway construction gang to clear the place for work, as well as to perform the work of construction; if the work of clearing was improperly done, and he was injured in consequence, the injury was due to his own fault, and he cannot hold the master liable.

2. MASTER AND SERVANT—SAFE APPLIANCES.—Where the testimony fails to show that an injury to a servant occurred in the performance of his duty and shows it was occasioned by his own mismanagement, the rule that a master must furnish suitable appliances has no application.

3. MASTER AND SERVANT—ADEQUATE LABOR.—A foreman of a construction gang cannot recover for injuries sustained because laborers attempting under his direction to remove a beam had insufficient strength, while other laborers subject to his orders and furnished by the master, were then available, but the foreman failed to call them.

4. MASTER AND SERVANT—NONSUIT.—A servant furnished with the means to properly perform his work, and charged with the duty of preparing a safe place for the work, cannot hold the master for not doing that which it was his own duty as representative of the master to do.

5. APPEAL AND ERROR—REVIEW.—A question not passed upon by the trial Court cannot be reviewed on appeal.

6. MASTER AND SERVANT—SCOPE OF EMPLOYMENT.—A servant employed to superintend and direct the work of others cannot hold the master for an injury due to his own fault in leaving undone the work he was employed to do, and in undertaking to do the work which he should have required done by the others under his direction.

Before HON. C. M. EFIRD, special Judge, York, December, 1914.   Affirmed.

Action by D. J. Cline against Southern Railway Company. From an order of nonsuit, plaintiff appeals. The facts are stated in the opinion.

FOOTNOTE.—Master's duty to furnish safe place to work as applicable to servant engaged in making place safe or in good repair, see note in 12 A. & E. Ann. Cas. 623.

*Mr. J. Harry Foster,* for appellant, submits: *Testimony to be considered most strongly in favor of plaintiff:* 98 S. C. 129; 21 S. C. 93; 70 S. C. 250; 61 S. C. 468; 59 S. C. 162; 57 S. C. 429. *Duties of master:* 72 S. C. 264; *Id.* 411; 78 S. C. 415; 72 S. C. 130; 69 S. C. 387; 38 S. C. 211; 72 S. C. 420; 63 S. C. 576; 79 S. C. 81; 71 S. C. 60; 18 S. C. 262; 35 S. C. 407; 70 S. C. 470, 490; 34 S. C. 211; 32 S. C. 301; 18 S. C. 262; 77 S. C. 427; 98 S. C. 125; 91 S. C. 127; 94 S. C. 324; 93 S. C. 397; 86 S. C. 137; 71 S. C. 56; 53 S. C. 362. *Assumption of risk from knowledge of defect:* Const., art. IX, sec. 15; 93 S. C. 115; 48 S. C. 384; 55 S. C. 101; 60 S. C. 9; *Id.* 204; 79 S. C. 81; 52 S. C. 233; 75 S. C. 150; 33 S. C. 358; 68 S. C. 55; 52 S. C. 438; 61 S. C. 480; 81 S. C. 539; 63 S. C. 576. *Nonsuit improper:* 90 S. C. 316; 67 S. C. 122; 66 S. C. 91. *Proximate cause:* 94 S. C. 324; 76 S. C. 207; 76 S. C. 202; 90 S. C. 312; 98 S. C. 125; 68 S. C. 489; 68 S. C. 55. *Wilfulness:* 82 S. C. 454; 96 S. C. 267. *Assumption of risks:* 66 S. C. 204; 60 S. C. 9; 21 S. C. 541; 52 S. C. 438; 55 S. C. 103; 77 S. C. 428, 430; Labatt, M. & S., secs. 615, 617, 658; Thompson, Neg., sec. 3760; 81 S. C. 46; 82 S. C. 224; 80 S. C. 539; 75 S. C. 557; 70 S. C. 315.

*Messrs. McDonald & McDonald,* for respondent, cite: 1 Labatt, M. & S., sec. 2; sec. 29, p. 66; sec. 268, p. 614; 61 S. C. 491. *Servant engaged in interstate commerce:* 229 U. S. 146; 233 U. S. 473; Richey, Fed. Em. Liability Act 69, 70. *Assumption of risks:* 233 U. S. 492; 234 U. S. 725; 236 U. S. 454; 2 Labatt, M. & S., secs. 585, 585, pp. 1717-1719; 1 *Ib.,* sec. 268, p. 614; sec. 228, pp. 531-535; 55 S. C. 488; 72 S. C. 242; *Ib.* 348, 349; *Ib.* 269, 270; 1 Labatt, M. & S., secs. 263, 264, p. 279b. *Plaintiff's own carelessness proximate cause of injury:* 1 Labatt, M. & S., sec. 364, pp. 882-885.

August 27, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages on account of personal injuries suffered by the plaintiff in the construction of a trestle at Langley, S. C.

The old trestle had been condemned. The plaintiff, who was bridge foreman on defendant's road, was directed to take his force of hands and do the work. In order to do this work it was necessary to remove the old bents and erect new ones in their places.

After placing several bents with safety, it was found that one bent was too high. This bent was removed from its place, the foundation lowered, and while moving it back to its place, it fell on the plaintiff and injured him.

On the motion of the defendant the presiding Judge granted a nonsuit. From this order granting a nonsuit, the plaintiff has appealed.

This appeal, therefore, raises questions as to allegations and proof only.

The allegations of negligence are as follows:

"8. That the defendant, Southern Railway Company, was negligent, careless, wanton and reckless, in the following respects:

a. In failing to provide the plaintiff a safe and secure place in which to work.

b. In failing to provide the plaintiff a sufficient crew of hands to perform the work assigned the plaintiff.

c. In failing to provide the plaintiff adequate or proper tools, implements and appliances to properly perform the work assigned the plaintiff.

d. In providing the plaintiff with an inadequate crew of workmen, said crew being incompetent, green, and incapable of construction of trestle work."

In ruling on the nonsuit, the presiding Judge, Hon. C. M. Efird, said:

"The Court: Gentlemen, I have given the testimony very careful thought, and I think this man was the foreman and entrusted by the master to do the work. It was his business to go and make an unsafe business safe; and it was his business to prepare a safe place for himself and his men to work. I don't think it makes any difference in the case whether the master was negligent in the particulars mentioned in the complaint or not. I can not escape the conclusion that he had safely placed all of the bents, that he had safely removed this one, and, in attempting to put it back in place, his foot slipped from under him and when he fell down he pulled the bent on him; and, therefore, the only reasonable inference that could be drawn from the facts is that he was injured by one of these unfortunate accidents that befalls human kind; and I do not think I could sustain the verdict, if the jury were to render one, against the railroad company on this evidence; and I think it would be useless to go on with the case. I do not go into any of the other questions, as to whether this is a case under the United States Employers' Liability Act, for in this case I think it makes no difference. And I do not pass on the validity or invalidity of the release. But I am going to grant the motion for a nonsuit, and put it on the ground that there is no other reasonable inference to be drawn from the evidence on his part, caused by his foot slipping and pulling down the bent on him; and for the further reason that the coal under his foot was possibly put there, or left there, by himself or by the men who were under his control and direction."

There are thirteen exceptions, but the appellant has consolidated the first seven as follows:

a. It is the duty of the master to provide a reasonably safe place in which to work. It must be borne in mind that the plaintiff was foreman. It was his duty to direct the work of clearing, as well as the work of construction, and if the clearing was improperly done, it was his own fault, and he can not hold the master.

*Strauss* v. *R. R. Co.,* 94 S. C. 324, 77 S. E. 1117, is not authority here.    It was no part of Strauss' duty to clean off the yard.

b. It is the duty of the master to provide proper and suitable appliances for the servant to do the work the servant is required to do.

The record does not show that the work in which the plaintiff was injured was a part of his work, unless there was a special emergency. · There was no emergency shown. The record shows:

"Q. Now, what are the duties of a foreman?    A. Superintend the work and see it is done according to the instructions, rules, and so on.    Q. Could you fill a foreman's position and do what you did at Langley?    A. Do the work I was doing there?    Q. Yes, sir.    A. No, sir; I couldn't do the laborer's work.

Plaintiff was injured doing the laborer's work.    The plaintiff's duty required him to measure the bent, and work of moving the bent back and forward was occasioned by the plaintiff's own mismeasurement.

c. Adequate and competent trestle crew.

The plaintiff said that there were only three men on this work of moving the heavy bent, and they were not strong enough, so he helped.    Strength, then, and not skill, was needed and he had other men subject to his orders who were within call and he did not call them.

The exceptions that raise these questions can not be sustained.

2. The eighth exception complains of error in sustaining the motion for a nonsuit as to punitive damages.

The default of the master must produce the injury before the servant can recover.    The record shows the following:

"Q. State to the jury what it was that caused it to fall over and how far you had got it?    A. The coal rolling under my foot caused me to fall, and my fall gave the bent a tilt

to fall on me.    There was no one on my side to hold the bent off me."

The plaintiff went to a place used for hauling coal and where coal might be expected to lie on the ground.    It was his duty to have the place prepared for the work, and if it was necessary to remove the coal in order to make the place safe for the work, it was the plaintiff's fault that the coal was left there.    It was his right to stop the hands from other work and use them on the bent if more force was necessary, and he did not do it.    He can not hold the master for not doing that which it was his duty as the representative of the master to do.

3. Appellant says in argument, exceptions 9, 10, 11 and 12 relate to the matter of assumption of risk.    Inasmuch as the presiding Judge did not rule on assumption of risk, it is not necessary to consider that question.

4 The thirteenth exception is a general restatement of the positions taken in the first seven exceptions and governed by what was said in the consideration of the first group.

In a general way it may be well to say:

The defendant's plan for doing bridge work was to have a foreman, whose duty it was to superintendent the whole force and direct the work of others.    The subforeman might assist the workmen in doing the manual labor, but not the foreman.

Plaintiff admitted that he could not do the work he was doing and do the work he was employed to do.    The record does not show that he appointed any one to supervise, to watch the progress of the work and be ready to shift the force from one place to another, so as to protect the work and the workmen from disaster, and that the plaintiff's injury was due to his own fault, and that the defendant is not liable.

The judgment is affirmed.