9932

## CLINE v. SOUTHERN RY. CO. *ET AL.*

### (96 S. E. 532.)

1. APPEAL AND ERROR — ORDER OF SETTLEMENT — STATEMENT OF CASE.— Upon settlement of a case·on appeal in an action on contract, it was proper to insert a historical statement of part of the procedure in the trial of the other action for tort, where necessary for an understanding of the issues in the instant case.

2. PLEADING—COMPLAINT—DEMURRER—LIBERAL CONSTRUCTION.—In view of Code Civ. Proc. 1912, sec. 209, providing for a liberal construction of pleadings, a complaint attacked by demurrer must be liberally construed.

3. MASTER AND SERVANT — COMPLAINT — BREACH OF CONTRACT — SUFFICIENCY OF ALLEGATION.—Allegations of a complaint, alleging breach of a contract of hiring by employer, *held* sufficient as to allegations of terms of such contract.

4. CONTRACTS — BREACH — ACTION — PROOF OF TERMS. — In actions for breach of contract, the exact terms of the contract need not be proved with the same certainty required in actions for specific performance.

5. MASTER AND SERVANT—ACTIONS FOR BREACH—PLEADINGS—COMPLAINT. —Where a complaint for breach of a contract of hiring alleges that defendant refused to give plaintiff employment, it is not necessary to allege that plaintiff was ready to accept employment.

6. MASTER AND SERVANT — BREACH — PLEADING — FRAUDULENT INTENT— KNOWLEDGE OF.—Where a complaint against an employer for breach of a contract of hiring alleges that defendant made the contract in bad faith to deceive plaintiff and secure a release from a tort and without intending to perform, it must be inferred that plaintiff did not then know of defendant's fraudulent intent.

7. FRAUDS, STATUTE OF—ORAL CONTRACT OF EMPLOYMENT—TIME OF PERFORMANCE—"INDEFINITE."—In an oral contract of employment "for an indefinite period, so long as plaintiff's work was satisfactory," the word "indefinite" does not mean perpetual, but uncertain as to time, and does not put the performance of it beyond a year after its making, and is not within the statute of frauds.

8. FRAUD—RELEASE—REPRESENTATIONS.—A complaint for damages for wrongful fraud and beguilement into accepting a contract for future employment in return for a release from damages for personal injury, alleging that employer's surgeons fraudulently misrepresented to plaintiff the extent of his injuries, states actionable fraud.

9. FRAUD—SPECULATIVE DAMAGES—COMPLAINT.—In a complaint for damages for fraud of employer in securing a release from liability for employee's personal injury, *held* that there was nothing in the complaint showing that all the alleged damages are speculative.

10. ACTION—UNITING CAUSES.—Causes of action for fraudulent breach of a parol contract and for fraudulent procurement of the same parol contract arise out of the same transaction, and may be united under the provisions of Code Civ. Proc. 1912, sec. 218.

11. TRIAL—OF CAUSES TOGETHER.—Such causes of action *held* so allied in substance, time, and parties as to make them so akin as to be tried together.

·Before SHIPP, J., York, Fall term, 1917. Reversed in part and affirmed in part.

Action by D. J. Cline against the Southern Railway Company and another. A demurrer to the complaint was sustained in part and overruled in part, and both plaintiff and defendants appeal.

The following is the amended complaint:

For a first cause of action:

(1) Paragraphs 1 and 2 allege the incorporation of the defendants.

(3) That on and some time previous to September 30, 1913, the plaintiff was in the employment of the defendants, in the capacity of foreman, laborer or mechanic, and among the duties assigned the plaintiff was that of repairing and constructing trestles, coal chutes and general repair work of the defendants.

(4) That on September 30, 1913, the plaintiff was directed and assigned by the defendants to repair or construct a coal chute, at or near Langley, S. C., and the plaintiff, while engaged with other employees of the defendants in said construction work, was seriously and permanently injured, in that the plaintiff, while attempting to adjust, move, or construct, a part of said coal chute or trestle, had a "trestle bent" of great weight to fall on him, crushing him to the ground, breaking his back, ribs, and seriously and per-

manently injuring the plaintiff in his body and person, to the great hurt and damage of the plaintiff.

(5) That the injury, hurt and damage sustained by the plaintiff was due to the joint, separate and concurrent negligence, wilfulness, recklessness and wantonness of the defendants, in that said defendants failed to provide the plaintiff adequate tools, appliances, competent and sufficient help to perform the work delegated and assigned the plaintiff by said defendants.

(6) That on or about January 5, 1914, the plaintiff entered into a contract with the defendants, and agreed for a valuable consideration to release said defendants from all liability arising from said damages, inflicted upon the said plaintiff, as herein alleged, and that the chief and main consideration moving the plaintiff to execute said release was that the defendant contracted and agreed to give to the plaintiff a position of foreman or some similar position of employment, for an indefinite period of time, so long as the plaintiff's work was satisfactory; that said position so contracted for carried a salary of about $120 the month.

(7) That it was represented to the said plaintiff at the said time that he had age limit, seniority or precedent over certain other employees, and consequently the position contracted for and assured the plaintiff would be given to the plaintiff by the defendants; but, on the contrary, the plaintiff did not have age limit, precedent or seniority over the said other employees, and the defendants could not and did not give the plaintiff the said position contemplated by said contract entered into between the plaintiff and the defendants.

(8) The defendants failed and defused to give to the plaintiff said position of foreman or any similar position, and the defendant knew at the time of making said promise, representation, and assurance that said promise, contract and assurance could not, and would not, be performed by the said defendants, and there was, at the time of the making of the said contract, a present purpose and intention not to

perform the same, and the representations that the plaintiff had age limit, seniority, and precedent over certain other of defendant's employees, which would entitle the plaintiff to said position, was false, pretensive, misleading and known at the time to be false and untrue, and said statements were made to beguile, deceive and defraud the plaintiff into releasing said damages and to make said contract.

(9) That the defendants wilfully, wantonly and fraudulently refused and failed to perform the terms of said contract, but discharged and refused to give the plaintiff said position, according to the contract and agreement.

(10) That the defendants, on or about April, 1914, discharged the plaintiff, and refused to perform or carry out the terms of the said contract, to the damage of the plaintiff in the sum of $40,000.

For a second cause of action:

(3) That on and some time previous to September 30, 1913, the plaintiff was in the employ of the defendants, in the capacity of foreman, mechanic or laborer, and among the duties assigned and delegated to the plaintiff by the defendants was that of repairing or constructing a coal chute or trestle, the property of the defendants, at or near Langley, S. C., on the line of defendants' railway system.

(4) That on September 30, 1913, the plaintiff was directed and assigned by the defendants to repair a coal chute or trestle, at or near Langley, S. C., and the plaintiff, while engaged with other employees of the defendants in said work, was seriously and permanently injured, in that the plaintiff, while attempting to adjust, move or construct a part of said trestle or coal chute, had a "trestle bent" to fall on him, crushing him to the ground, and seriously and permanently injuring the plaintiff in his back, ribs, body and person, to the great injury and damage of the plaintiff.

(5) That the injury, hurt and damage sustained by the plaintiff was due to the joint and concurrent negligence,

wilfulness and recklessness of the defendants, their agents and servants, in that the said defendants failed to provide the plaintiff sufficient and adequate tools and appliances, assistants, competent and sufficient help to perform the work assigned and delegated to the plaintiff.

(6) That on or about January 5, 1914, the plaintiff entered into a contract with the defendants, and agreed for a valuable consideration to release said defendants from any and all liability arising from said damages, inflicted upon said plaintiff, as herein alleged, and that among the considerations moving the plaintiff to release said cause of action for liability was that the defendants contracted, agreed and promised to give to the plaintiff a position of foreman, or some similar position, for an indefinite period so long as plaintiff's work was satisfactory, and that said position carried a salary of $125 the month.

(7) That it was represented to the plaintiff, at said time, and previously, that for and in consideration of the execution of the said release of damages, for and in consideration thereof, the defendants would give to the plaintiff a permanent and lucrative position; whereas, said promise and assurance thus made to the plaintiff was false and untrue, deceptive and pretensive, and the same was a part of a scheme and trick or device to beguile and induce the plaintiff to release his said cause of action for damages, and the promises and assurances then made and given the plaintiff with reference to said employment, for an indefinite period, were then known to the defendants to be false and untrue, but the same were made to deceive and defraud the plaintiff, and the same did deceive and defraud the plaintiff.

(8) That it was also represented to the plaintiff previously, and at the time of the execution of the release of said cause of action for damages, and in furtherance of the said scheme to defraud the plaintiff, that the injuries of the plaintiff were slight, insignificant and not permanent, and the surgeons and physicians of the defendant made said rep-

resentations and misstatements to the plaintiff recklessly, and well knowing the same to be false and untrue at the time, and said false and misleading statements of the said physicians and surgeons of the defendants aided and contributed to induce the plaintiff to release said cause of action for damages against said defendants, and also the agents and servants of the defendants represented to the plaintiff that his injuries were slight, insignificant, and not permanent, also that the defendants were not liable in a legal sense for damages, and the said servants and agents knew said statements to be false, untrue, deceptive and misleading, and it was also represented to the plaintiff, at said time, and in furtherance of the scheme and purpose to defraud and deceive the plaintiff, that he had age limit, seniority, or precedent over certain other employees, and that by reason thereof he could and would be given a position of foreman or some similiar position, for an indefinite time, at a salary of $125 the month; whereas, said promises and assurances were fraudulent, deceptive and not founded in fact, but made for the purpose to defraud and deceive the plaintiff, all of which did deceive and beguile the plaintiff into releasing his cause of action for damages mentioned herein, to great damage of the plaintiff in the sum of $40,000.

(9) That the representations, promises and assurances, as alleged in the preceding paragraph, and elsewhere herein, did contribute to induce the plaintiff to release his said cause of action against the defendants, and there was no intention on the part of the defendants, at the time of making said representations, to perform the same; but, on the contrary, there was a present purpose not to perform the same, and at said time the plaintiff was very much depressed, in financial straits, due to his injury, and heavy expenses, and that a release of damages is a condition precedent to re-employment of servant by the defendants, and said release of said cause of action for damages was not fairly obtained, as the plaintiff was misled and deceived, and had it not been for

the fraud perpetrated upon the plaintiff, as herein detailed, the plaintiff would not have released said cause of action for damages.

(10) That by reason of the fraud, deceit and imposition and swindle of the defendants the plaintiff has been damaged in the sum of $40,000.

(11) That the acts of the defendants as herein alleged were wilful, reckless and wanton, all of which operated jointly and concurrently and brought about the damages herein stated.

Wherefore, the plaintiff demands judgment against the defendants for the sum of $40,000.

The defendants demurred to the complaint upon the following grounds, to wit:

(1) That the several causes of action have been improperly united or joined in the complaint.

(2) That the alleged contracts set forth in the first and second causes of action stated in the complaint are void under the statute of frauds.

(3) That the alleged contracts set forth in the first and second causes of action are too vague, indefinite and uncertain to be the foundation of any causes of action.

And the defendants further demurred to the complaint:

As to the first cause of action:

(1) Because the complaint does not state facts sufficient to constitute a cause of action as to the alleged first cause of action, in that the alleged contract is too vague, indefinite and uncertain to constitute a cause of action for an alleged breach thereof, as the Court cannot ascertain from the allegations of the complaint with reference thereto the measure of damages, and the same is so uncertain and indefinite that it cannot be enforced as a matter of law.

(2) That the alleged contract for the breach of which the plaintiff sues for damages in the first cause of action is

obnoxious to the statute of frauds, because: (a) The plaintiff alleged a contract or release in writing, and, on the other hand, fails to state that the alleged contract or agreement for the breach of which he sues for damages was also in writing; (b) because the allegations of the complaint show upon their face that the alleged contract was not to be performed within one year; (c) that the complaint fails to allege a contract that was to be performed within one year.

(3) Because the said complaint in the first cause of action fails to allege any facts showing that the plaintiff was ready, willing and able to perform his part of the alleged contract, for the breach of which he sues for damages.

(4) Because the alleged false and fraudulent representations set forth in the first cause of action do not constitute false and fraudulent representations, as a matter of law, and are insufficient to constitute a cause of action, or a part of a cause of action, inasmuch as the same do not relate to past or present facts.

(5) Because the complaint, in the first cause of action, fails to allege facts showing that the plaintiff was ignorant of the matters, which he therein alleges to have been false and fraudulent representations.

As to the second cause of action:

(1) Because the complaint does not state facts sufficient to constitute a cause of action, as to the alleged second cause of action, because the alleged false, fraudulent, deceptive and pretensive representations, which are alleged to have been made by the defendants to the plaintiff, do not constitute false and fraudulent representations, as a matter of law, and are insufficient to state a cause of action for damages for fraud and deceit.

(2) Because, in the second cause of action set forth in the complaint, the plaintiff fails to allege that he was ignorant, or did not know that the alleged false, fraudulent, deceptive and pretensive representations alleged to have been made by

the defendants to the plaintiff were untrue, and that he had no knowledge of their untruth.

(3) Because, in the second cause of action, the plaintiff alleges that part and parcel of the consideration of the release therein mentioned was a contract for future employment, and it appears upon the face of the complaint contained in the second cause of action that the said alleged contract or agreement for employment is void under the statute of frauds, and as the release is alleged to have been in writing, and such alleged contract or agreement of employment cannot be established by parol evidence.

(4) That the allegations of the complaint setting forth the cause of action therein do not, as a matter of law, set forth a cause of action for fraud and deceit, and any right of action that plaintiff might have would be a cause of action in equity to set aside and rescind the release which the plaintiff alleges was secured by fraud, deceit and imposition.

(5) Because there is no allegation in the complaint that the plaintiff has offered to return, or has tendered to the defendants, the valuable consideration, on account of which the release mentioned in the complaint was executed.

The amended reply included the following:

For a third defense:

(1) That it was represented to the plaintiff, at the time of the execution of the alleged release, that for and in consideration of the execution thereof by the plaintiff to the defendants, the defendant would give to the plaintiff a permanent and lucrative position; whereas, said promise and assurance thus made the plaintiff by the defendant, at said time, were fraudulent, deceptive, pretensive, and the same was a part of trick, scheme, or devise to beguile and induce the plaintiff to then execute said release, and the said promise and assurance then given the plaintiff by the defendant, its agents and servants, with reference to said permanent position or

employment, were then known by the defendant to be pretensive, fraudulent and deceptive and untrue at that time.

(2) That it was also represented to the plaintiff by the defendant at said time, and in furtherance of said scheme to defraud the plaintiff, that the said plaintiff then had age limit, seniority, or precedence over certain other employees of the defendant, and by reason thereof, and in consideration of the promises and the execution of the said release, and somewhat for the foundation for the promise and assurance alleged in the preceding paragraph, the plaintiff was assured and promised a permanent and lucrative position by the defendant; whereas, said promise and representations and statements, thus made by the defendant to the plaintiff, were false, deceptive and pretensive, and made to deceive and beguile the plaintiff into the execution of the alleged release.

(3) That the representations, promises, and assurances, as alleged in the preceding paragraphs hereof, were made by the defendant, its agents and servants, to trick and deceive the plaintiff, and said assurances, promises and statements did contribute to induce the plaintiff to execute the alleged release, and all of said promises, assurances, and statements made to the plaintiff by the defendant, its servants and agents, at said time, were then known to be false, untrue and pretensive, and made to defraud the plaintiff.

(4) That there was no intention, on the part of the defendant, its servants and agents, at the time of making said promises and assurances, to fulfill or perform the same, but, on the contrary, there was then a present intention not to perform the said promises, and not to give the plaintiff permanent work, as promised the plaintiff, and said promises and assurances, thus made to the plaintiff, were fraudulent, and a part of scheme to obtain said release, and said false promise and deceptive assurances did contribute towards inducing plaintiff to execute the said release.

(5) That the defendant at said time and place also stated to the plaintiff that his said injuries were insignificant, very slight, and that there was no liability against the defendant on account of the infliction of said injuries, all of which was · deceptive and fraudulent, and made to deceive the plaintiff.

(6) That the plaintiff was required to execute said release as a condition precedent to re-employment, and to comply with a rule of the defendant.

(7) That said release was not fairly obtained by the defendant, in that the plaintiff was not fully, or at all, advised of his rights, the consequence of signing said release, and the plaintiff had been for some time confined to a hospital, out of employment, pressed by debt, all of which was known to the defendant, and all of said dire circumstances were due to the injuries inflicted upon the plaintiff, by the defendant, as alleged in said complaint, and said circumstances, taken in connection with the other allegations hereof, contributed to induce the plaintiff to execute the said release.

(8) That said release would not have been signed by the plaintiff but for the deceit, fraud, false promises and assurances, and untrue statements, as herein alleged, and the making thereof to the plaintiff by the defendant, its servants and agents, deceived the plaintiff and induced said plaintiff to execute the said release, all of which was a fraud upon the plaintiff.

The demurrer to the third defense in the amended reply to the answer is as follows:

Please to take notice that the defendant demurs to the third defense, in the amended reply to the defendant's answer herein, upon the ground that said pretended defense does not constitute a defense as a matter of law, in that:

(a) The alleged promise of a permanent position does not set forth a fraudulent representation, but a contract, and it is not alleged that the defendant has either failed or refused to perform such alleged contract.

(b) The alleged promises and agreements of the defendant do not amount, as matter of law, to fraudulent representations, such as are sufficient to avoid and annul the said release.

(c) That said alleged defense fails to allege that the defendant has ever failed or refused to perform the alleged contract of employment, if any such promise was ever made, or any such contract was ever entered into as a consideration of the release set forth in the defendant's answer.

(d) That the alleged facts in said third defense are not sufficient, as matter of law, to annul or avoid the release pleaded in bar of the plaintiff's action, as the same amount to promises to perform certain things in the future, and at most do not amount to representations, but simply promises for the performance of things in the future, which, if true, amount to a contract.

On May 15, 1914, the plaintiff, D. J. Cline, commenced an action against the Southern Railway Company, one of the respondents herein. Said cause of action was based on negligence and wilfulness, and demanded $30,000 damages, due to the injuries alleged to have been sustained by the plaintiff while repairing a coal chute or trestle at Langley, S. C., on September 30, 1913; the same injury referred to in the pleadings herein. The first cause of action was based on alleged common law negligence, and the Federal Employers' Liability Act. The defendant interposes as one of its defenses to this action a release alleged to have been executed by the plaintiff, whereby the alleged damages were released in consideration of the payment to the said D. J. Cline by the defendant, Southern Railway Company, of the sum of $175. After argument, the Court ruled as follows:

I do not think, on the demurrer, I ought to strike out the whole defense, because I think if he can prove that he relied on the representations that he was entitled to this permanent employment by reason of age limit and seniority, and those

35—110.

things didn't exist at the time, he can show that he signed the release on a representation that was false, at least that was an inducement to the contract.   Now, Mr. Foster, if, during the progress of the case, you want to introduce any evidence on any other point, I would be glad for you to have your authorities, for at present I am against you, I am not deciding it, but my impression now is that Mr. McDonald's position is supported by authorities; and this one allegation is what lets you in.

This demurrer was heard by Special Judge C. M. Efird, at York, S. C., Fall term, 1914, December.   At the hearing of the present demurrer before Judge S. W. G. Shipp, the ruling of Judge Efird was interposed to the present demurrer, and the plea of *res judicata* urged against so much of the present demurrer as was considered and included within the terms of the ruling made by Judge C. M. Efird at the hearing on December, 1914.   Judge S. W. G. Shipp made the following order:

This cause coming on to be heard on a written demurrer to the complaint, after hearing argument of counsel on both sides, it appearing to the Court that the demurrer should be sustained on several grounds, now, therefore, on motion of McDonald & McDonald, attorneys for defendant, it is ordered that the demurrer be, and the same is hereby, sustained on the general grounds mentioned therein, numbered 1 and 3, and more particularly those numbered 1, 3, 4 and 5, as to the first cause of action, and those numbered 1, 2 and 4 of the second cause of action, and, it appearing that the demurrer should be overruled as to No. 2 of the general grounds and No. 2 as to the first cause of action, and Nos. 3 and 5 of the second cause of action, it is ordered that the said demurrer be, and the same is hereby, overruled as to them.   I would grant permission for the complaint to be amended, but as some of the grounds on which I have sustained the demurrer are vital to plaintiff's cause of action, an amendment would not avail plaintiff therefor.   It is

ordered that the complaint be, and the same is hereby, dismissed.

The exceptions are as follows:

(1) That the complaint alleged two causes of actions, separately stated, and it was error to have sustained the demurrer thereto, upon the ground that there was a misjoinder of actions.

(2) That the complaint alleged two good causes of actions, well stated, and it was error to have sustained the demurrer thereto, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

(3) That the complaint alleged two causes of action, definite and certain, and it was error to have sustained the demurrer, upon the ground that the complaint was not definite and certain.

(4) That the demurrer, in so far as same was not sustained upon the allegations of the complaint, to the effect that the defendant assured and stated to the plaintiff that he then had age limit and seniority over certain other employees, and subsequently would receive a permanent and lucrative position, and that such statements were false and misleading, was *res judicata,* as this issue was determined and adjudicated in an order made by Special Judge C. M. Efird, December, 1914, wherein this issue was passed upon, and the Court erred in not sustaining the plea of *res judicata,* as to the ground of the demurrer involved in the order of Judge Efird.

Additional exceptions are as follows:

Because his Honor erred in not sustaining the demurrer upon the second ground of the general demurrer, and the second ground as to the demurrer to the first cause of action, and the third ground of demurrer to the second cause of action, the error being that said grounds of demurrer were well taken, as the alleged contract set forth in the complaint

and referred to in said grounds of demurrer were clearly void under the statute of frauds.

Notice of amendments to proposed case for appeal was also given, as follows:

To J. Harry Foster, Attorney for Appellant: You will please take notice that the defendants herein propose that the case for appeal heretofore served upon them be amended in the following particulars: (1) By printing the complaint herein in full, omitting, however, the allegations as to the corporate existence of the defendant. (2) By striking out all of the proposed case for appeal from and including line 18, on page 2, down to and including line 30, on page 3, of said proposed case, said proposed matter not having been before Judge Shipp in this action, nor passed upon by him.

The order of Judge Shipp, settling case, is as follows:

Let the first proposed amendment be allowed. The second proposed amendment is disallowed.

To which exceptions were taken as follows:

The defendants, having served notice of appeal from the order of Judge Shipp, settling the case herein, as provided by section 8, rule 5 of the Supreme Court, hereby except to the order disallowing the second proposed amendment, which was to strike out all of the proposed case for appeal, which appears in the foregoing printed case just after the demurrer to the complaint, down to the order of Judge Shipp sustaining the demurrer of the plaintiff, the error being that the matter so proposed to be stricken out from the case was entirely extraneous, and was never properly before Judge Shipp on the argument of the demurrer, and upon the ground that the only question before Judge Shipp was as to the sufficiency of the demurrer to the complaint interposed by the defendants, and such extraneous matter is in no way germane to the issues raised by the demurrer to the complaint set up by the defendants in this action.

*Mr. J. Harry Foster,* for plaintiff-appellant, submits: *Misjoinder was not the proper remedy, but election:* 64 S. C. 221; 64 S. C. 289; 68 S. C. 257; 28 S. C. 86; 82 S. C. 562. *When complaint states two separate and distinct causes of action plaintiff cannot be compelled to elect:* 73 S. C. 189. *Plaintiff may unite, in the same complaint, several causes of action, if they arose out of the same transaction:* Code of Procedure 1912, sec. 218. *Demurrer not the proper remedy:* 43 S. C. 221; 93 S. E. 7; 24 S. E. 42. *The first cause of action is for breach of contract:* 87 S. C. 171; 9 McMul. 26; 2 Rich. 466; 66 S. C. 135; 71 Am. St. Rep. 386; 5 Am. St. Rep. 387. *As to fraudulent breach of contract:* Sedgwick on Damages —; 70 S. C. 108; 2 N. & McC. 338; 77 S. C. 192; 12 Enc. of Law, 2d Ed. 26; Statute of Frauds; 26 S. C. 90; 2 Bail. 614; 3 S. C. 298; 29 S. C. 90; 3 S. C. 306; Richardson's Eq. Cases 18; 2 Bail. 616. *Contract for indefinite period not within the statute:* 26 S. C. 81; 51 Am. St. Rep. 289; 59 Am. St. Rep. 467; McMul. Eq. 92; 3 Strob. 199; 88 Am. St. Rep. 339; Smith on Frauds, sec. 347; 96 U. S. 404. *Fraud—Second cause of action:* 106 S. C. 200; Cooley on Torts 911; 70 S. C. 118; 77 S. C. 192; 73 S. W. Rep. 1082. *As to whether a release assailed for fraud could have been submitted to a jury, or was the issue for a Court of chancery:* 38 S. C. 199; 70 S. C. 282; 105 S. C. 364; 66 S. C. 77; 53 S. C. 488; 72 S. C. 411. *The complaint is explicit and certain:* 81 S. C. 355; 87 S. C. 171. *The order of Judge Efird is a final adjudication of the matters contemplated by that order:* 93 S. C. 366; 71 S. C. 102.

*Messrs. McDonald & McDonald,* for Southern Railway Company, and Southern Railway—Carolina Division, appellants and respondents, submit: *It was error on the part of Judge Shipp to consider any facts outside of the complaint itself:* 37 S. C. 520; 38 S. C. 488; 72 S. C. 148. *There is an improper joinder of alleged causes of action:* Code of Procedure, sec. 218; 53 Barber 238; 12 Howard Prac. 331;

Pomeroy's Code Remedies, 4th Ed., sec. 367, *473; sec. 489. *As to the demurrer to the first cause of action based upon the general ground that the complaint did not state facts sufficient to constitute a cause of action:* Modern Law of Contracts, sec. 72; 1 Sutherland on Damages, section 53; 100 Ga. 670; 28 S. E. Rep. 505; 100 Cal. 454; 35 Pac. Rep. 75; 101 Ga. 188; 35 S. E. Rep. 637; 41 App. Div. 30; 58 N. Y. Supp. 612; 28 S. E. 507; 31 L. R. A. (N. S.) 927; 38 L. R. A. 157, and notes; 48 L. R. A. 435, and notes; 54 Minn. 153; 55 N. W. Rep. 906 (quoted in note to section 75, Beach on Contracts); Beach on the Modern Law of Contracts, sec. 547; 11 East 142; 1 Lord Ray, 316; 4 Barb. 162. *The alleged contract set out in the first cause of action is obnoxious to the statute of frauds:* 12 Rich. L. 176; 33 S. C. 338; 34 S. C. 316; 57 S. C. 147; 60 S. C. 379. *As to the grounds of the second cause of action:* 3 Sutherland on Damages, sec. 1167; 14 Am. & Eng. Enc. L. (2d Ed.) 47; 34 Cyc. 1061; 12 Ruling Case Law, p. 252, par. 19; 23 S. C. 173; 10 Rich. 311; 128 Ill. 91; 15 Am. State Rep. 90, 92-3; 6 Cow. 350; 3 Tenn. Rep. 513; Kerr on Fraud and Mistake 88, 68, 604; 11 Col. 15; 7 Am. State Rep. 202; 199 N. Y. 314; 32 L. R. A. (N. S.) 127-130; 10 L. R. A. (N. S.) 641 (notes); 24 L. R. A. (N. S.) 735; 4 Am. State Rep. 482; 14 Am. St. Rep. 404; 12 Am. St. Rep. 29; 9 Rich. L. 215-219-221; 3 T. R. 53; 13 John 325; 16 Ala. R. 785; Show 68; 1 Strob. 220; 6 Cow. 346. *The allegations of the complaint show that the damages claimed are purely speculative, and for that reason no cause of action arises:* 107 S. C. 200; 92 S. E. 861.

March 21, 1918.

The opinion of the Court was delivered by Mr. Justice Gage.

The plaintiff alleged in one complaint two causes of action, one for a fraudulent breach of an alleged contract, and another for a procurement to be made of that contract by

the use of words with a fraudulent intent. The defendant demurred to the complaint on sundry grounds. The demurrer was sustained in part and overruled in part. Both sides have appealed. Let the pleadings, the order of the Court, and the several exceptions be reported. The action for tort to which this cause is sequel has been tried, and went against the plaintiff on issues of law. 101 S. C. 493, 86 S. E. 17. In the action for tort the railroad company, amongst other defenses, set up a release by the plaintiff which discharged the defendant from further liability. The Court which tried that cause did "not pass on the validity or invalidity of the release." Nor did this Court consider that circumstance. 101 S. C. 496, 86 S. E. 17. The instant action in one way or another springs out of the execution of that release and the circumstances attending it.

The defendant has made a preliminary exception to the order of the Circuit Court which settled the case for appeal. The matter in the case proposed by the appellant and objected to by the defendant and allowed by the Court was only a historical statement of part of the procedure in the trial of the action for tort; and it was altogether proper to insert it in the present case for an understanding of the issues now made in the instant action. The other exceptions we shall not follow in the order of their statement, but rather in a dependent order.

The first cause of action alleges a contract for employment induced by the deceit of the defendant; it affirms the contract and sues in damages for the deceitful breach of it. The Circuit Court held: (1) That allegations in the first cause of action were too vague to state a case; (2) that there is no allegation to show that the plaintiff is ready to perform his part of the contract he alleges; (3) that the allegations made, if true, do not make a case of fraud; and (4) that there is no allegation that plaintiff was, at the instant of their making, ignorant of the truth of the defendant's false doings. The Code of Procedure directs that: "In the construction of a pleading for the purpose of

determining its effect, its allegations shall be liberally construed." Section 209. *Guy v. McDaniel,* 51 S. C. 436, 29 S. E. 196.

This, then, is the rule of construction to guide the inquiry. The complaint very plainly charges that the plaintiff was injured while in the service of the Southern Railway Company; that for such injury he accepted as the "chief consideration" from the company the promise of employment, and made a contract to that end, whereupon he released the company from further liability; that the company did not give him the employment, and never intended to give him employment, and had the present purpose when the promise to that effect was made not to give the employment; and only made the false promise in order to mislead the plaintiff into signing the release. (Paragraphs 6 and 8 of the complaint.) That is a statement of conduct induced by an intent charged to be fraudulent. The vagueness alleged by the defendant to lie in the contract consists in three elements: (1) No certain class of work was specified; (2) no certain period of time was specified for the contract to last; (3) no definite compensation for the work was named. It is true that an action will not lie for the breach of a contract unless its terms shall be reasonably certain. But parol contracts are wellnigh always of doubtful import. The plaintiff was a laborer, and he set up with reasonable certainty such a contract as is generally made by large employers with laborers. Such a man must go, or come, or do, as he is ordered to, and wisely so. The important element of the contract was employment. The exact pay, the particular task, the length of service were secondary matters.

In actions for the breach of a contract the exact terms of the contract are not required to be proven with the same certainty as in actions for the specific performance of contracts. Note 26, Am. Dec. 663. The plaintiff when the trial comes must prove enough of a contract to warrant a finding by the Court and jury.

The Court held that the allegations of the first cause of action were fatally defective : (1) For failure to declare that the plaintiff was ready to perform his part of the contract of employment; and (2) for failure to declare that the plaintiff was at the instant of their making ignorant of the falsity of the defendant's declarations and intentions. The respondent has made no argument to sustain the Court. The complaint alleges that the defendant refused to give the plaintiff employment; it was, therefore, unnecessary for the plaintiff to allege that he was ready to accept employment; that would have been an idle performance. 13 C. J., pp. 662, 728; 6 R. C. L., p. 847.

The complaint also alleges that the defendant's conduct in making of a contract for the plaintiff's employment was not done in good faith and with an intention to perform it, but with the contrary intention to beguile and deceive the plaintiff. The necessary inference to be drawn from those allegations is that the plaintiff did not know the defendant's fraudulent intent, else he would not have renounced his action by giving the release. It would have been better pleading had the plaintiff expressly alleged both his ignorance of the deceit and his reliance upon it.

The Court overruled so much of the demurrer as charged that the contract for employment was obnoxious to the statute of frauds, and the defendants have appealed from that order. The contract pleaded is that the defendant "agreed and promised to give to the plaintiff a position of foreman, or some similar position, for an indefinite period so long as plaintiff's work was satisfactory." The word of doubtful import in the contract, when it comes to an application of the statute, is "indefinite." That word does not mean perpetual employment, but uncertain employment as to time. That is made doubly plain by the words which follow "indefinite," to wit, "so long as the plaintiff's work was satisfactory." Plainly, then, the contract has not certainly put the performance of it beyond a year after its

making. The case does not come within *Jones v. McMichael,*
12 Rich. 176, cited by the appellant, as that case is construed
in *Wallser v. R. R. Co.,* 26 S. C. 89, 1 S. E. 366. There are
no circumstances pleaded in the instant case to show that
the contractors certainly intended the contract to be per-
formed after the lapse of 12 months from its making. The
period of its performance was left uncertain. "In order to
make a parol contract void it must be apparent that it was
the understanding of the parties that it was not to be per-
formed within a year from the time it was made." Miller,
J., in *McPherson v. Cox,* 96 U. S. 416, 24 L. Ed. 746. The
contract pleaded does not fall within the statute.

The second cause of action disaffirms the contract for
employment, and sues at law in damages for the wrong he
sustained in the deceitful beguilement into the making of it.

8, 9     The brunt of the appellant's argument, upon the
demurrer to this cause of action, is that the "alleged
representations do not constitute fraud in law, because
they do not relate to past or present facts." A second, and
the only other contention in the brief, is that "the allegations
of the complaint show that the damages are purely specula-
tive, and for that reason no cause of action arises." These
in their order.

The appellant's brief asserts:

"That the basis of the alleged fraud consists in certain
representations made to the plaintiff as to giving him future
employment. It is submitted that these alleged representa-
tions do not constitute fraud in law because they do not
relate to present or past facts."

That is not an entirely correct statement.

The fifth paragraph of the complaint does declare that the
promise of future employment was among the considerations
which moved the plaintiff to execute the release. But the
eighth paragraph charges that the plaintiff was told by the
surgeons for the defendant that his injuries were insignifi-
cant, and that the surgeons then knew that such statement
was not true, but was false, and the statement contributed

to induce the plaintiff to release his right of action. And the ninth paragraph repeats and amplifies allegations of like character. It is so manifestly plain from the statement itself that if the plaintiff had a cause of action against the defendant for a serious permanent bodily harm, and if the defendant's surgeon persuaded him by false words and with wicked intent to believe that his harm was not great, but only temporary, and for that reason, relying on the surgeon's opinion, the plaintiff released his action, then such conduct on the defendant's part is an actionable wrong. *Ballenger v. Railroad,* 106 S. C. 203, 90 S. E. 1019.

The appellant, under the second head before stated, relies on *Whitman v. Railroad,* 107 S. C. 200, 92 S. E. 861, for the postulate he states, and which is quoted *supra.* But the demurrer admits for the time being the truth of the allegations of the complaint.

There is nothing in the complaint to conclusively show that all the damages alleged are speculative. It remains for the proof to ascertain if there was any damage which resulted from the alleged and for the present admitted deceit.

We are now better prepared to inquire if the two causes of action before stated may be united in one complaint. The Circuit Court held that the plaintiff had improperly united two causes of action in one complaint, and the plaintiff excepts. Section 218 of the Code governs the case. It allows *inter alia two causes of action to* be so united where the *two causes* arise out of a *transaction* connected with the *subject of the action.* The italics are supplied. One cause of action was on the fraudulent breach of a parol contract; the other cause of action was on the fraudulent procurement of the parol contract; both these arose out of the release, which was the transaction; and the release was connected with the tort, which was the subject of the action. Pomeroy's Remedies, secs. 475, 775, *et seq.*

Without any verbal and lengthy discussions of the words of the Code of Procedure, or of the cases, the two causes of

action pleaded are so allied in substance and in time and in parties as to make them so akin as to be tried together. As to *parties* see Pomeroy, sec. 479; *Whiteside v. Brawley,* 152 Mass. 133, 24 N. E. 1089, a Massachusetts case, opinion by Holmes, J. The object of the framers of the Code of Procedure was to secure the trial, for all parties interested in the cause, of those issues which practically had the same birth. A too literal reading of the statute would impede rather than promote the orderly administration of justice.

The order of the Circuit Court is reversed and affirmed in the particulars we have noticed; and the cause is remanded to that Court, with leave to defendant to answer within 20 days after the filing of this opinion.