12787

VOGEL v. ELFORD AGENCY

(150 S. E., 774)

*Messrs. Carlisle, Brown & Carlisle,* for appellant,

*Messrs. Thompson & McConnell, L. K. Jennings,* and *T. H. Munro,* for respondent,

December 19, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

In September, 1927, the plaintiff brought suit against the defendant named in the present case and several insurance companies which he claimed the defendant represented, for the purpose of recovering on an alleged oral contract of fire insurance. In February, 1929, on motion of plaintiff, a nonsuit was allowed and taken as to all the insurance companies; plaintiff thereafter securing an order permitting him to amend his complaint as to the defendant Elford Agency.

The complaint alleges that the defendant is a corporation organized and doing business under the laws of this state, and is authorized to act as agent for insurance companies with its principal place of business at Spartanburg; that at the times mentioned in the complaint, it was soliciting business on behalf of several insurance companies, names unknown to the plaintiff, and had in its employ an agent by the name of Fairey, who was authorized to solicit and accept orders for fire insurance to be placed in any designated company represented by the defendant; that in August, 1925, the plaintiff owned a certain residence in the city of Spartanburg, at which time he was solicited by the defendant, through its said agent, to take out additional insurance on his building; that as a result of such solicitation, he placed his order with defendant for $2,000 additional insurance. The fifth paragraph of the complaint is as follows: "That according to custom and usage of the insurance business in the City of Spartanburg, and the understanding of the parties, such insurance was to be paid for at the usual premium rate charged in such cases, and was to continue in force for the period of one year from the date of the placing of such order; furthermore, that according to said custom and usage and the understanding of the parties, the defendant, through its agents, was to have executed and delivered to plaintiff a policy in the usual form issued by them in such cases, insuring said house against loss by fire in the said sum of *Two Thousand*

*Dollars,* commencing on the said date of the order and continuing in force for one year."

It is further alleged that, "after the aforesaid promise and order to place the said additional insurance," the said building was destroyed by fire, and that plaintiff sustained a loss of approximately $5,900; that after the building was burned, he requested a delivery of the policy solicited of and ordered by him and offered to pay the premium therefor, but that the defendant advised him that no policy had been issued. It is alleged by paragraph 8: "That by the aforesaid acts of carelessness and negligence of defendant and its agents aforesaid, in failing and omitting to place, accept and fill said order for insurance, and in failing and neglecting to issue the policy in conformity with said order, plaintiff has been damaged in sum of *Two Thousand Dollars,* the amount of the policy ordered."

The defendant interposed the following demurrer to the complaint: "The defendant herein demurs to the amended complaint herein on the ground that the same does not set out facts sufficient to constitute a cause of action in that the same alleges no right, contractual or otherwise, in the plaintiff invaded by anything alleged to have been done or omitted to be done by defendant, and in that the same alleges no obligation, contractual or otherwise, on the part of defendant toward the plaintiff the failure to perform which would support an action by plaintiff against defendant, and in that the said amended complaint shows affirmatively on its face that no rights or obligations of any kind grew out of the transactions therein alleged."

The matter was heard by his Honor, Judge Sease, who, by an order dated June 12, 1929, overruled the demurrer. From this order the defendant appeals and brings error. There are several exceptions, but only one question is presented: Did the Court err in holding that the complaint alleged facts sufficient to constitute a cause of action?

The appellant contends that the solicitation described in the complaint is nothing more than a general invitation to a person to make an offer to the one extending the invitation, and that such an invitation is not an offer that can be turned into an agreement by an acceptance; that the order given by the appellant for the insurance was therefore the offer; and that it appears from the allegations of paragraph 8 of the complaint that the defendant did not accept such offer, and hence no contract was ever consummated by the parties.

In *Guy v. McDaniel,* 51 S. C., 436, 29 S. E., 196, 197, the Court said: "In determining the question whether a pleading is demurrable on the ground that it does not state facts sufficient to constitute a cause of action, the Court must construe the allegations liberally, with a view of substantial justice between the parties. If, therefore, by a liberal interpretation of the language used, a cause of action is stated, even though the allegations may be so indefinite or uncertain that the precise nature of the charge is not apparent, the demurrer should be overruled."

Applying the foregoing rule of construction, we think that the defendant's objection that the complaint fails to allege facts constituting a cause of action is without merit, unless it be held that by the allegations of paragraph 8 the plaintiff "pleaded himself out of Court." The transaction is set forth in detail and is referred to as the "understanding of the parties" and as a "promise and order" to place additional insurance. The allegations, we think, are sufficient to state a cause of action on contract, which is essential to recovery. But it is contended that the allegation, in paragraph 8, that the defendant failed to "accept" the order for insurance, is so inconsistent with, and repugnant to, any other allegations which might show a contract between the parties as to destroy them, and is an admitted effort to recover for defendant's failure to "accept" an offer.

We do not agree with this contention. Paragraph 8 contains allegations as to damages suffered by plaintiff and is

not intended to state the cause of action, being at most a mere naming or characterization thereof. Further, this paragraph, taken with other portions of the complaint, shows that the gravamen of the charge against the defendant is the failure to place the order and procure the policy of insurance in accordance with the alleged agreement; and while the word "accept" used in the eighth paragraph is apparently inconsistent with this view of the matter, we do not think that the inconsistency is such as to vitiate the complaint as a whole and justify the sustaining of the demurrer. See *Childers v. Verner,* 12 S. C., 1.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.