## 10229

### COGGINS v. CANNON.

#### (99 S. E. 823.)

1. FRAUDS, STATUTE OF—CONTRACTS OF MARRIAGE.—A parol contract to marry at some indefinite time in the future is not within the statute of frauds.

2. BREACH OF MARRIAGE PROMISE — EVIDENCE — ADMISSIBILITY. — In a breach of marriage case, evidence of plaintiff's seduction *held* admissible on the question of damages, without specific allegations of seduction in the complaint.

3. BREACH OF MARRIAGE PROMISE — DEFENSES — JUSTIFICATION. — A defendant is not justified in breaching a marriage promise upon rumors that his fiancee is unchaste, unless the reports are founded upon fact.

4. APPEAL AND ERROR—HARMLESS ERROR—REQUESTED INSTRUCTIONS.— Refusing a requested instruction in a breach of marriage promise suit that a verdict for punitive damages could not be returned, *held* not reversible error, where the jury returned a verdict for actual damages only.

Before W. P. GREENE, special Judge, Spartanburg, —— term, 1918.   Affirmed.

Action by Ila Coggins against C. F. Cannon. Judgment for plaintiff, and defendant appeals.

Exceptions 3-5, mentioned in the opinion, are as follows:

In that his Honor erred in modifying the second request to charge of the defendant with the modification as follows: "I charge you that, even though you should find that the defendant contracted to marry the plaintiff at some future time not fixed, and that before the marriage was consummated the defendant learns or has rea-

sonable grounds to believe that the plaintiff was impure and unchaste, and acted upon such information and breached said contract, then, under the law, the plaintiff cannot recover, and your verdict should be for the defendant." His Honor modified the request as follows: "I charge you that, with this modification, that if he received such information it must have been based upon fact, and that he would have no right to act upon information not based upon fact. In other words, that there must be foundation for the information." The error being that the request stated a correct principle of law applicable to the case, and that the modification destroyed the effect of the request.

4. In that his Honor erred in refusing to charge the jury the fourth request of the plaintiff, as follows: "I charge you that under the complaint in this case the plaintiff alleges that she was damaged and is still suffering great physical and mental anguish, and has been humiliated to her damage in the sum of $10,000. I charge you that there is no evidence of physical suffering on the part of the plaintiff, nor is there evidence that she was humiliated, and under the law she cannot recover for mental anguish, and, therefore, your verdict should be for the defendant." The error being that there was not a scintilla of evidence upon the matters referred to in the request, and the same embodied the law of the case.

5. In that his Honor erred in refusing to charge the sixth request of the defendant, to wit: "I charge you that there is no evidence in this case upon which you can base a verdict for punitive damages, and you must not consider that in reaching your verdict." The error being that it was a proper request under the evidence in the case.

*Mr. John Gary Evans*, for appellant, submits: *That the contract sued upon is void under the statute of frauds:* Civil Code 1912, vol. I, sec. 3737; 10 Fed. 241; 7 Kans. 373; 2 N. H. 515. *Evidence of the seduction of the plaintiff by*

*the defendant in the absence of allegations in the complaint
that the act was done by virtue of the promise to marry is
incompetent and should not have been received:* 5 Cyc. 1009;
(Ga.) 54 S. E. 197; 54 S. C. (Fla.) 797; 36 L. R. A. (N.
S.) 702, note; 4 L. R. A. (N. S.) 616; 82 Me. 128; 118
Ia. 590; 48 Ind. 562; 75 Ind. 417; 37 Wis. 46; 75 Tex. 352;
5 Am. Dec. 616; 3 Sutherland on Dam. 316; 5 Enc. Pl. and
Pr. 744; 4 L. R. A. (N. S.) 615 (R. I.). *His Honor erred
in modifying the defendant's second request to charge with
the modification, as follows: "I charge you that even though
you should find that the defendant contracted to marry the
plaintiff at some future time not fixed, and that before the
marriage was consummated the defendant learns or has rea-
sonable grounds to believe that the plaintiff was impure and
unchaste, and acted upon such information and breached
said contract, then under the law, the plaintiff cannot recover
and your verdict should be for the defendant." His Honor
modified the request as follows: "I charge you that, with
this modification, that if he received such information, it
must have been based upon fact, and that he would have no
right to act upon information not based upon fact. In
other words, that there must be foundation for the infor-
mation:"* 4 Strob. 46.

*Messrs. DePass & DePass* and *Sanders & DePass,* for
respondent, submit: *Mutual promises although resting in
parol are regarded as valid:* 20 Cyc. 157, and cases cited
under note 12; 23 Cent. Dig., title "Frauds, Stat. of," sec.
3. *A promise to marry is not within the clause of the stat-
ute of frauds, relating to contracts made in consideration of
marriage:* 90 Md. 294; 45 Atl. 459; 47 L. R. A. 385; 1
Bland (Md.) 284; 1 Lord Ragm (overruding *Philpott v.
Wallet,* 3 Lev. 65); 1 Strob. 34. *Where there is a possi-
bility of the marriage being performed within a year, and
there is no stipulation that it should not be, the statute does
not apply:* 56 Me. 187; 26 Am. Dec. 443; 90 Md. 294; 45

Atl. 459; 47 L. R. A. 385. *It is not essential to a right of action that any definite time should have been fixed upon for the marriage:* 85 Ill. 222; 132 Mass. 359; 8 Ky. 26; 10 Am. Dec. 709. *The fact that plaintiff was seduced under promise of marriage is admissible in aggravation of damages:* 5 Cyc. 1014, and cases cited in notes 33 and 34. *Where the promise is expressly denied evidence of sexual intercourse between plaintiff and defendant, and the resulting motherhood is competent, though not alleged in the complaint:* 63 Hun. (N. Y.) 361; 18 N. Y. Supp. 266; 43 N. Y. 647. *As to Judge modifying defendant's second request to charge:* 5 Cyc. 1002; 4 Strob. 42; 35 S. C. L. 42; 42 L. R. A. (N. S.) (cases annotated), p. 850. *Under a general allegation of damages plaintiff may recover not only an indemnity for pecuniary loss and the disappointment of reasonable expectations of an advantageous settlement in life, but also compensation for injury to feelings and affections, and mortification undergone:* 5 Cyc. 1009. See cases annotated; 42 L. R. A. (N. S.) 842, and p. 846. *This action forms an exception to the rule that exemplary or punitive damages should not be allowed in cases on contract, and has always been classed, as regards to measure of damages, with actions of tort:* 41 L. R. A. (N. S.) 840, and annotated cases; 24 N. Y. 252; 42 N. Y. 474; 1 Am. Rep. 561; 52 Hun. 631; Cent. Dig., vol. VIII, p. 955, and cases cited; 3 Cyc. 1019 and 102; 4 Strob. 42.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against defendant for damages for alleged breach of contract for marriage. The case was heard before Special Judge Greene, and a jury, at Spartanburg, S. C., and resulted in a verdict of $5,000 actual damages to the plaintiff; the action being both for actual

and punitive damages, but the verdict of jury was only for actual damages. After entry of judgment, defendant appeals. ·

The first exception imputes error in refusing to strike out all of the testimony of plaintiff relating to a supposed contract of marriage entered into between the plaintiff and defendant, for the reason that under the testimony offered, plaintiff was absolutely uncertain as to the time of performance, and, therefore, within the statute of frauds. This exception is overruled. There is nothing to show that the contract was not to be performed within one year, so as to bring it within the statute of frauds. Had the evidence shown that the contract was one that was not to be performed within one year, then that would have brought it within the statute of frauds. A mutual promise to marry can be made in parole; need not be in writing. Such parole agreement is valid, and is excluded from the operation of the statute of frauds. It is not essential to the right of action that any definite time should have been fixed for the marriage.

The second exception complains that evidence of seduction of the plaintiff by defendant, in the absence of allegations in the complaint that the act was done by virtue of the promise to marry, is incompetent and should have been received. This exception is overruled.

The plaintiff testified that under the promise of marriage she was seduced against her will by force, persuasion, and promise of marriage. This evidence was competent to go to the jury for their consideration, as the issues were: (1) Did the defendant make the promise to marry—was that promise mutual between plaintiff and defendant? (2) Did the defendant break that promise? (3) If so, was the plaintiff damaged, and how much in dollars and cents? His Honor, in his general charge instructing the jury as to compensatory damages, stated the law lucidly and correctly, and also charged defendant's request embodying the same

principles.    The fact that plaintiff was seduced under promise of marriage was clearly admissible in evidence as an aggravation of damages for the jury to consider in arriving at their verdict.

Exception 3 is overruled.    His Honor correctly charged the law, and committed no error as complained of.

Exception 4 is overruled, as his Honor did not commit the error alleged in the exception to have been committed by him.

Exception 5 is overruled.    The jury did not award any punitive damages, but only rendered a verdict for actual damages.

Judgment affirmed.