15158

STUCKEY v. METROPOLITAN LIFE INS. CO.

(11 S. E. (2d), 391)

February, 1940.

*Messrs. Reynolds & Reynolds* for appellant

*Mr. Charles B. Elliott* for respondent,

November 7, 1940.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

The complaint herein alleges that on or about the 5th day of January, 1939, the plaintiff and the defendant entered into a written contract, whereby it was agreed that the plaintiff should farm certain lands of the defendant for the year 1939, upon the terms set out in the contract or lease, including the defendant's promise to furnish plaintiff the necessary funds for such operation, together with certain planting seed, "and then and there obtained a mortgage from the plaintiff of all of his goods, wares and chattels as security for the payment to defendant by plaintiff of said advances."

It is then alleged in Paragraph 3 of the complaint that the defendant at the time the contract was entered into did not intend to perform its part thereof, and by its fraudulent promises and representations deceived and misled plaintiff into entering therein and executing and delivering his chattel mortgage, "the plaintiff then and there relying upon the said fraudulent promises and undertaking of the defendant".

It is further alleged in Paragraphs 4, 5 and 6 of the complaint that the plaintiff thereupon entered into the performance of the contract on his part in good faith, but that the defendant breached the same in the details therein set out, such breach being repeatedly characterized as fraudulent, and alleged to have caused losses in his farming operations

under the contract; and the prayer of the complaint is for judgment against the defendant in the sum of $2,500 actual and punitive damages, etc.

The defendant demurred to the complaint upon the ground that it appears from the face thereof that there is a misjoinder of causes of action, one being for fraud and deceit in the procurement of the alleged contract, and the other for an alleged breach of the contract, "the two alleged causes of action being totally inconsistent, and there being no allegation of facts constituting fraud in the breach of said contract".

The demurrer came on to be heard before Hon. M. M. Mann, presiding Judge in the Third Judicial Circuit, who by his order dated February 14, 1940, and filed February 20, 1940, sustained the demurrer, allowing the plaintiff the right to serve an amended complaint within ten days from the date of the order.

Thereafter Judge Mann filed an amended order sustaining the demurrer, also dated February 14, 1940, and filed February 29, 1940. The latter order was identical with the first except that the following language was added at the end thereof: "Provided, however, that the plaintiff may proceed on either one of the causes of action without re-writing the complaint by electing within twenty days from the date hereof one of the alleged causes of action and that the defendant shall have twenty days from the date of written service of notice of said election within which to plead to the cause of action elected by plaintiff."

The cause comes to this court upon exceptions by the plaintiff to the order and amended order of Judge Mann, and also to an order later made by him settling the case for appeal.

The only vital question raised by this appeal is whether two causes of action were improperly united in the complaint herein. Judge Mann construed the complaint as stating a cause of action for fraud and deceit in the procurement of a lease or contract and also a cause

of action for breach of the same contract; holding that one of the causes of action was in tort and the other "clearly *ex contractu*". Counsel for the appellant admit that there were two causes of action stated, one for the fraudulent procurement of the contract and the other for the fraudulent breach of the same contract, which they say were united and blended into one cause of action arising out of the same transaction. In this connection, it should be observed that Judge Mann holds that there were no facts of fraud accompanying the breach alleged in the complaint, and to this ruling there is no exception.

Section 487, Code 1932, provides, among other things, that the plaintiff may unite in the same complaint several causes of action where they all arise out of: "The same transaction, or transactions connected with the same subject of action." It seems apparent that the two alleged causes of action here do arise out of the same transactions, to wit, the contract whereby the plaintiff operated a farm on the land of the defendant in the year 1939.

There is, however, a corollary to this statutory provision, well recognized in the decisions, to the effect that inconsistent causes of action may not be joined in the same complaint, and this seems to be a sound proposition. Obviously causes of action are inconsistent when they defeat each other or cannot stand together. Certainly one could not treat a contract as rescinded and at the same time rely on it as existing, for the assertion of one such cause of action is necessarily repugnant to the theory upon which the other rests, and to prove one would be to destroy the other. But applying these principles to the case at bar, we are unable to find any such inconsistency. While fraud in the inducement of the contract is alleged, the contract itself is not repudiated or rescinded. One may be induced to enter into a contract by fraud and deceit, resulting in damages, for which he would be entitled to recover, and may also be damaged by the breach of the same contract, for which he would likewise be

entitled to recover, although one cause of action may be *ex delicto* and the other *ex contractu.*

"Contract and tort actions are not necessarily so inconsistent as to preclude their joinder where both arise from the same transaction or from transactions connected with the subject of the action. Nor does the rule as to inconsistency preclude the joinder of a cause of action for fraud inducing a contract with a cause of action for breach of the contract." 1 Am. Jur. 469.

See, also, the illuminating opinion of Judge Sanborn in the case of *Wilson v. New United States Cattle-Ranch Company,* 8 Cir., 73 F., 994.

In the case of *Cline v. Southern R. Company,* 110 S. C., 534; 96 S. E., 532, 538, this court specifically held that a cause of action for the fraudulent breach of a parol contract, releasing a claim for personal injuries, and another cause of action for the fraudulent procurement of the same parol contract may be united in one action. The court says:

"We are now better prepared to inquire if the two causes of action before stated may be united in one complaint. The circuit court held that the plaintiff had improperly united two causes of action in one complaint, and the plaintiff excepts. Section 218 (now 487) of the Code governs the case. It allows *inter alia two causes of action* to be so united where the *two causes* arise out of a *transaction* connected with the *subject of the action.* The italics are supplied. One cause of action was on the fraudulent breach of a parol contract; the other cause of action was on the fraudulent procurement of the parol contract; both of these arose out of the release, which was the transaction; and the release was connected with the tort, which was the subject of the action. *Pomeroy's Remedies,* §§ 475, 775, *et seq.*

"Without any verbal and lengthy discussions of the words of the Code of Procedure, or of the cases, the two causes of action pleaded are so allied in substance and in time and in parties as to make them so akin as to be tried together."

. 'Although this case is not in all respects similar to the case . at bar, the foregoing reasoning is quite apposite. Other authorities to the same effect will be found in the annotation contained in 10 A.L.R., 756, supporting the rule therein stated as follows: "A cause of action for breach of a contract may be joined with a cause of action for fraud in inducing the contract, where the statute permits the joinder of causes arising out of the same transaction."

The case of *Walker v. McDonald*, 136 S. C., 231; 134 S. E., 222, 223, cited in the order of the Circuit Judge, will be seen to be inapplicable, upon an analysis of the decision. In that case the complaint set up two causes of action separately stated, one for the recovery of a specific sum of money paid by the plaintiff to the defendant for a half interest in a partnership, upon the ground that the plaintiff was induced to enter into the partnership and parted with his money through fraud and deceit; and the other cause of action was for a specified balance alleged to be due the plaintiff by the defendant as his share of the net profits of the partnership business, which would be ascertained upon an accounting which he demanded. Manifestly the court was right in holding that the plaintiff's first cause of action was a repudiation or disaffirmance of the partnership *and a demand for the return of the money he put into it;* while the second cause of action was for an accounting of the partnership affairs *and to recover the plaintiff's share of the profits,* " a distinct affirmation of the contract of partnership which he repudiates in his first cause of action." Indeed, we think that the opinion in this case, is in line with the authorities above cited, for it involves two causes of action which were definitely inconsistent and could not stand together, a situation different from that in the instant case.

In the view taken by the appellant the two causes of action set up in the complaint in the case at bar were both in tort, one being for the fraudulent procurement of the contract, and the other being for the fraudulent breach thereof; but under the order of Judge Mann one cause of action is

held to be in tort and the other in contract, and to this part of the order there is no exception, as above stated. But as we have already indicated, we do not think this would prevent the joinder.

"Permission for the joinder of causes of action arising from the 'same transaction' allows a cause of action for breach of contract to be joined with the cause of action for fraud inducing the contract, and a cause of action for breach of contract to pay for a machine to be joined with one for tort for forcibly preventing the seller from regaining possession of it." 1 Am. Jur., 476.

It is true that in certain cases, such as the case of *Lamb v. Metropolitan Mutual Fire Insurance Company,* 183 S. C., 345; 191 S. E., 56, also cited by the Circuit Judge, and other like cases, it was held that actions *ex delicto* and actions *ex contractu,* under the facts of those cases, could not be joined; for the reason that they do not usually arise out of the same transaction, and they may frequently be inconsistent; but there is nothing in Section 487 of the Code, or in the decisions of this court declaring that causes of action in tort and in contract may not in any case be joined. On the contrary it is specifically held in the case of *Pollock v. Carolina Interstate Building & Loan Association,* 48 S. C., 65, 79; 25 S. E., 977, 982; 59 Am. St. Rep., 695, "Actions arising on contract may be joined with actions arising out of tort. *Pom. Rem. & Rem. Rights,* § 463."

Having thus reached the conclusion that the Circuit Judge was in error in sustaining the demurrer, for the reasons above stated, the other exceptions need not be considered, save that one relating to the order settling the case for appeal. However, brief allusion will be made to the point that the demurrer should also have been overruled because the two causes of action were not separately stated.

While doubtless it would usually be better practice to require a separate statement of two or more causes of action united in the same complaint before demurring thereto, yet in view of the case of *Fant v. Brissey,* 143

S. C., 264; 141 S. E., 450, the failure so to do could not be considered an insuperable objection to the demurrer.

There was also an appeal by the plaintiff from the order of Judge Mann, dated May 24, 1940, wherein he ruled that certain portions of the proposed statement in the transcript of record should be stricken out, and that certain correspondence between him and counsel had no relevant place in the record for appeal. The rulings of the trial judge are clearly expressed in his amended order sustaining the demurrer, the construction of which could not be affected by the correspondence in question, and we think that his order settling the case was quite correct.

The judgment of the Circuit Court sustaining the demurrer to the complaint is reversed; provided, that the defendant shall have the right to answer the complaint within twenty days from the filing of the remittitur herein.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.