15528

KNEECE v. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY

(25 S. E. (2d), 290)

January, 1943.

*Messrs. Williams & Busbee,* of Aiken, S. C., Counsel for Appellant,

*Messrs. Thomas, Cain & Black,* of Columbia, S. C., Counsel for Respondent,

April 15, 1943.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court:

Appellant brought suit against respondent and set up two separately stated causes of action in his complaint which was served December 23, 1941. In the first he alleges the issuance to him by respondent of a policy insuring him against disability from accident and providing fixed monthly payments therefor, which payments were made during a specified disability for a period of four months whereupon further liability was denied by respondent and payments discontinued, whereby liability arose for monthly payments since May 20, 1941.

In the second cause of action the same policy is alleged and that the insurer represented that appellant's present disability would be within the terms of the policy; that after paying four monthly installments of disability benefits, insurer represented to appellant that the policy had terminated, repudiated its alleged representations at the time of the issuance of the policy and refused to accept payment of a renewal premium, declared that its medical information

was to the effect that appellant was no longer disabled within the terms of the policy and returned a portion of a former premium, which refund insured accepted in reliance upon the representations which he later learned were untrue and that he was in fact still disabled within the representation made to him of the terms of the policy, but the latter was repudiated by the insurer who declared its intention to adhere to the cancellation of the policy, and refused to accept further proof of loss and further negotiation, with additional usual allegations in such cases, that the representations referred to were known to the insurer to be untrue when made and appellant relied upon them, whereupon he was defrauded by the insurer to his damage, actual and punitive, in the sum of $3,000.00. The prayer of the complaint was for judgment in the stated sum upon the second cause of action and for $350.00 for the first cause of action.

Respondent demurred to the complaint upon the ground, as stated: "Several causes of action have been improperly united, there being asserted in the complaint one cause of action *ex contractu* and the other *ex delicto,* and the same are inconsistent." The order of the trial Judge recited that the demurrer was heard by him upon the ground that the complaint contains two inconsistent causes of action, which contention he upheld, saying that: "The first treats the contract as being alive and of full force and effect—the second as being terminated." The demurrer was sustained and it was ordered that appellant amend his complaint by striking out one or the other of the causes of action or serve notice of his election to rely on one or the other, whereupon respondent was allowed twenty days thereafter in which to plead to the amended complaint or the elected cause of action.

Plaintiffs appealed from this order and the exceptions impute error in the holding that the causes of action are inconsistent and contend that such causes are, on the con-

trary, consistent, arise out of the same transaction or transactions connected with the subject of the action, and can therefore be joined.

The narrow issue made by the appeal is stated by the appellant as follows: "Can a plaintiff sue on account of insurance for the monthly payments due him up to the time of a fraudulent breach, and also sue for the fraudulent breach, joining the two causes in the same complaint?" However, respondent states the question involved: "Does it constitute a misjoinder of causes of action to assert in the same complaint one cause of action treating a policy of insurance as being fully in force and another cause of action treating the policy as being wholly terminated?"

It is seen that the appeal involves only a matter of pleading so that what will be said in disposition of it will indicate no view of the Court upon the merits of the controversy. They are yet to be tried, unaffected by any intimation as to them by the Court on this appeal.

*Stuckey v. Insurance Company*, 195 S. C., 358, 11 S. E. (2d), 391, is relied upon for the rule against the joinder of inconsistent causes of action. In that case, however, it was held that there may be joined in one complaint a cause of action for fraud and deceit in procuring the execution of a contract with a cause of action for the breach of the same contract, there resulting therefrom no demurrable misjoinder of inconsistent causes of action. For this clearly established rule numerous authorities were cited including 1 Am. Jur., 476, and the interesting annotation in 10 A. L. R., 756.

The governing section of the 1942 Code is No. 487 which, so far as now applicable, provides for the uniting in one complaint of several causes of action "where they all arise out of: (1) The same transaction, or transactions connected with the same subject of action." The *Stuckey case, supra,* is clear and unmistakable authority for the proposition that when the causes of action

come within the foregoing statute they may be joined in one complaint whether they sound in contract or in tort, or one or more in contract and another or others in tort, provided they meet certain other conditions not now relevant.

The citation of *Cline v. Southern R. Co.,* 110 S. C., 534, 96 S. E., 532, in the Stuckey decision is worth repeating, that a cause of action for the fraudulent breach of a parol contract and another cause of action for the fraudulent procurement of the same contract may be united in one action. That case is probably closer to the present than that of Stuckey. Both, however, permitted the joinder of causes of action for fraudulent procurement and breach of the respective contracts, while here it is proposed to combine a cause of action for a simple breach of the contract with another cause of action for a subsequent fraudulent breach of it. It may be said that those authorities combine a tort attendant upon the commencement of those contracts with subsequent breaches, while in the instant case a cause of action based upon a simple breach is combined with a cause of action for the fraudulent termination of the contract; in other words, the other cases allege fraud at the inception while this case alleges fraud at the end of the contract, thus the difference is quite technical and does not sustain a departure from the rule of the Code provision referred to, the intention of which is patent and the litigation now in hand is clearly within it for the two causes of action certainly relate to the same transaction, namely, the insurance policy.

And we do not think that the stated causes of action are inconsistent. The first is for an alleged failure of compliance with the terms of the policy, without attendant fraud, and the second is for an alleged breach subsequently occurring, attended with fraud. Inconsistency is absent because the two causes of action relate to different periods in the life of the contract and therefore do not coincide.

A holding of improper joinder under the circumstances of this case would apparently require two separate actions upon the same contract, one for the first and simple breach and the other for the subsequent alleged fraudulent breach. Such would certainly not be in accord with the legislative intent evidenced by the cited statute and it is not required by the decided cases which have come to our attention.

The order appealed from is reversed, with leave to respondent to plead to the complaint within twenty days after the filing of the remittitur in the Circuit Court.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE concur.