15584

GRIFFIN v. SCOTT *ET AL.*

(27 S. E. (2d), 570)

April, 1943.

*Mr. J. D. Jennings,* of Sumter, S. C., Council for Appellant,

*Mr. John G. Dinkins,* of Manning, S. C., Counsel for Respondents,

November 10, 1943.

Circuit Judge Thomas S. Sease, Acting Associate Justice, delivered the unanimous Opinion of the Court:

This action was commenced on the 27th day of February, 1943, by the plaintiff, appellant herein, against the defendant respondents herein, and two codefendants. It is a tort action for damages and the respondent pleaded a counterclaim against appellant for damages. Appellant demurred to the counterclaim and from the order of the Circuit Judge refusing to sustain the demurrer, appellant appealed to this Court upon four exceptions. In his brief, however, these four exceptions are condensed into one question: Did his Honor commit error of law in overruling the plaintiff's demurrer to the answer of the defendant R. M. Scott?

The complaint alleges that the defendant Scott shot the plaintiff, inflicting permanent injury and damage to plaintiff. Scott in his counterclaim admits the shooting and, like the plaintiff, gives his version of the entire transaction, claiming that the plaintiff by. his course of conduct caused the shooting and invaded certain rights of this defendant. It is quite apparent from both of these pleadings that they refer to the same subject-matter and the same transaction, but merely state different versions of them. It is also quite apparent from the complaint and the counterclaim that each alleges a tort and that this defendant's counterclaim comes within the purview of the Statutes ·allowing counterclaims. The applicable Code sections are as follows: Subdivision 1 of Section 468 says: "A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Section 485 of the Code says: "In all actions sounding in tort the defendant shall have the right to plead a similar cause of action against the plaintiff by way of counterclaim: provided, that the cause of action of the plaintiff and the defendant arise out of the same state of facts."

This disposes of Exceptions 1 and 2.

We see no reason why a counterclaim may not be pleaded by only one of several defendants (appellant's exceptions 3 and 4). The Code does not limit a counterclaim to cases where there is only one defendant, and Paragraph 1 of Section 657 of the Code provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves."

This Court construing this section of the Code in the old case of.*Plyler v. Parker,* 10 S. C., 464, then Section 298, page 639, of the Revised Statutes, held that one of several defendants was allowed to plead a coun-

terclaim. This appears to be the rule in this and many other jurisdictions. 10 A. L. R., 1259. In this case the plaintiff could have brought his action solely against Scott, which seems to be the real test of the matter. The complaint alleges that Scott committed the tort and that his codefendants merely aided and abetted in the commission. For a further discussion of this proposition see *Pope Manufacturing Company v. Charleston Cycle Company,* 55 S. C., 528, 33 S. E., 787; *Lyles et al. v. Collins,* 170 S. C., 27, 169 S. E., 666, and 10 A. L. R., 1259. In the *Lyles case, supra,* the Court pointed out that the defendants had executed a joint contract and the plaintiff could not, therefore, have brought an action against one of them.

This Court has repeatedly stated that in consideration of all questions presented, weight should be given to the prevention of the multiplicity of suits, conservation of time and cost and expenses to the State and to litigants. It is the well-known intention of the Code to simplify actions and procedure. It is also the rule of this jurisdiction that Statutes governing counterclaims should be given liberal construction, and that where facts alleged in a counterclaim arise out of the same transaction, they are permitted to cover a wider scope and are not as limited as where the plaintiff's action is based on a specific contract. *Coastal Produce Association v: Wilson,* 193 S. C., 339, 8 S. E. (2d), 505; *W. J. Daniel as Administrator v. Tower Trucking Company et al.* (203 S. C., 119), 26 S. E. (2d), 406; 1 C. J. S., Actions, § 92, page 1248.

All of the exceptions are overruled.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.

MR. ASSOCIATE JUSTICE STUKES did not participate.