16146 .

RIPLEY v. RODGERS

(50 S. E. (2d) 575)

*Mr. M. M. Weinberg,* of Sumter, *for Appellant,*

*Messrs. Reynolds & Reynolds,* of Sumter, *for Respondent,*

November 10, 1948.

FISHBURNE, Justice.

The respondent separately states two causes of action in his complaint. In the first cause of action he seeks damages for personal injuries alleged to have been sustained by and through the negligent and willful conduct of the appellant, arising out of the following circumstances: On the night of March 1, 1948, he employed one of appellant's cab drivers to transport him from The Wagon Wheel (presumably a roadhouse near the city of Sumter) to Shaw Field, in Sumter County. Upon reaching the city of Sumter, the respondent was transferred to another cab, but before proceeding father, the driver left the cab and went to a nearby restaurant for a sandwich and a cup of coffee, leaving the ignition keys in the cab. While he was away, respondent fell asleep and some person unknown to him, entered the cab, drove it recklessly away, colliding with a telephone pole with great force. Plaintiff sustained alleged injuries, for which he claims damages in the sum of $2,500.00.

For a second cause of action, he re-alleges the foregoing facts stated in the first cause of action, and sets forth that on the same night, or the early morning of the following day, appellant, with the intention of defaming and injuring the respondent's character and reputation, gave an interview to the Sumter Daily Item, a daily newspaper published in the city of Sumter, charging respondent with the theft of the cab and naming him as the thief. This interview was duly published in the Sumter newspaper referred to. It is alleged that the statement was slanderous and defamatory, false and malicious, and was intended to humiliate respondent and besmirch his good name, character and reputation; and he demands in this cause of action as damages the sum of $2,500.00.

Appellant demurred upon the ground that uniting the two causes of action in the same complaint constituted a misjoinder. The demurrer was overruled by the trial court upon the ground that the cause of action arose out of the same

transaction and could be united in the same complaint under Section 487 of the Code.

Section 487 provides, among other things, that the plaintiff may unite in the same complaint, several causes of action, whether they be such as have been heretofore denominated legal or equitable of both, where they all arise out of (1) the same transaction, or (2) transactions connected with the same subject of action. It appears here that the two alleged causes of action do arise out of the same transaction, to wit: the contract to hire, whereby the respondent employed the services of appellant's cab driver to transport him to Shaw Field.

A review of the authorities discloses that courts and text writers have expended much time and learning in attempting to define the meaning of the word "transaction," and the meaning of the phrase, "Subject of the action," as used in the statute relating to the joinder of causes of action. Despite the efforts of the courts at generalization, the statute has remained a matter for specific application to the facts of each particular case. The term "transaction" is generally held to embrace and have reference to all the acts, or groups of related acts, which go to make up one entire project, system or deal, and includes all the facts and circumstances out of which the injuries complained of arise. The dominant idea is to permit joinder of causes of action, legal or equitable, where there is some substantial unity, and a liberal construction according to the rules as to remedial laws should be given. *Griffin v. Scott,* 203 S. C. 430, 27 S. E. (2d) 570; *Stuckey v. Metropolitan Life Ins. Co.,* 195 S. C. 358, 11 S. E. (2d) 391; *Cline v. Southern R. Co.,* 110 S. C. 534, 96 S. E. 532; 1 Am. Jur., Sections 84, 85, Pages 470, 471; 1 C. J. S., Sec. 77, Page 1222.

In *Cline v. Southern R. Co., supra,* (110 S. C. 534, 96 S. E. 538) this court approved the joinder of two causes of action for, (1) the fraudulent breach of a parol contract, and

(2) for the fraudulent procurement of the same parol contract, and stated: "Without any verbal and lengthy discussions of the words of the Code of Procedure, or of the cases, the two causes of action pleaded are so allied in substance and in time and in parties as to make them so akin' as to be tried together."

It is now recognized that the leading principle in a modern system of procedure is the avoidance of a multiplicity of suits, and the settlement in one action of all the respective claims of the parties when they are of such nature as to admit of adjustment in one action. The courts, when considering this section of the Code (487) authorizing the joinder of causes of action included in the same transaction, recognize that they must exercise a wise judicial discretion and construe such statutory provisions liberally so as to promote and expedite the administration of justice, whenever it is possible to do so without prejudice to the rights of litigants. *Coastal Produce Ass'n v. Wilson,* 193 S. C. 339, 8 S. E. (2d) 505; *Victor Fertilizer Co. v. Southern R. Co.,* 202 S. C. 294, 24 S. E. (2d) 499.

Reading the complaint in the case at bar, it is clear that a connected story may be told, connecting the two causes of action; they are germane to each other. The two causes of action arose out of one and the same transaction, forming a group of related acts. They are inseparably connected by the coincidence of time, place and circumstances.

In our opinion, the trial court committed no error in overruling the demurrer.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.