16185

MARTIN v. KEITH
(52 S. E. (2d) 22)

*Mr. C. M. Edmunds,* of Sumter, *for Appellants,*

*Messrs. W. L. Clifton and Raymon Schwartz,* of Sumter, *for Respondent,*

*Mr. C. M. Edmunds,* of Sumter, *for Appellants,* in reply,

February 14, 1949.

FISHBURNE, Justice.

In his complaint, the respondent separately states two causes of action. This is an appeal from the order of the circuit court overruling a demurrer to the complaint, interposed by the defendants, upon the ground of a misjoinder of causes of action. The first cause of action seeks damages for a malicious prosecution, while the other is for the recovery of damages for injury to personal property.

In the first cause of action, it is alleged that on or about November 30, 1946, respondent left his automobile with appellants at the garage operated by them for certain repairs, involving the furnishing of labor and replacement parts. About one week thereafter, respondent went to the garage and was told that the work had been completed and the bill therefor was $48.00. The automobile was delivered to respondent, and in payment of the bill he gave his valid check in the sum of $48.00, dated December 7, 1946, the check being drawn on the South Carolina National Bank located at Sumter. Respondent drove off in the vehicle, but discovered that the repair work had not been done, or had not been properly performed. Consequently, on December 9th he directed the bank not to make payment. On three separate occasions thereafter, respondent attempted to induce the appellants to accept the return of his automobile for the purpose of performing the necessary repairs which they had contracted to perform, but on each occasion they refused to receive the car.

In May, 1947, several months after the foregoing events, the appellants had a criminal warrant issued against respondent, charging him with having issued and delivered, for value received, a fraudulent check, as a result of which he was arrested, but later released on bond to appear before the court of general sessions for Sumter County. In May, 1948, the indictment found against respondent was dismissed

by the court of general sessions because of the failure of the appellants to appear and prosecute, and the case was marked ended. Approximately one year after the original contract was made, appellants resorted to a civil action in the magistrate court to recover possession of respondent's vehicle for the purpose of enforcing a mechanic's lien against it in the amount of $48.00, which was the sum claimed due for repairs. Immediately upon the termination of this cause, which resulted in favor of the appellants, respondent brought a claim and delivery action against appellants for the repossession of the car, which terminated in his favor; the jury finding that the respondent did not owe the $48.00 for the alleged repair work on the automobile.

For a second cause of action, respondent re-alleged the foregoing facts stated in the first cause of action, and set forth that while his automobile was in the possession and under the control of the appellants under the order of the magistrate, by virtue of which it was restored to them to enforce the alleged mechanic's lien, "they wantonly and maliciously left said vehicle exposed to the Winter weather, parked under the eave of a roof, with lumber piled thereon, thereby causing the radiator of said vehicle to burst and the cells of the battery to become warped and useless."

The respondent contends that the two causes of action may be joined in the same complaint; that they arose out of the same transaction, to wit: the initial contract to repair the vehicle, and that such joinder is authorized by sub-section 1 of Section 487 of the Code. The trial court sustained this contention and held that the two causes of action could be joined in the same complaint under the Code provision. Section 487 provides, among other things, that the plaintiff may unite in the same complaint, several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both; where they all arise out of (1) the same transaction, or (2) transactions connected with the same subject of action.

The primary purpose of the foregoing section of the Code was to authorize the joinder of causes of action germane to each other, and thereby avoid as far as possible a multiplicity of suits, to the end that controversies may be expeditiously settled in one action at a minimum cost to the litigants and the public. *Coastal Produce Ass'n v. Wilson,* 193 S. C. 339, 8 S. E. (2d) 505; *Victor Fertilizer Co. v. Southern R. Co.,* 202 S. C. 294, 24 S. E. (2d) 499. The dominant idea being to permit the joinder of causes of action, legal or equitable, where there is some substantial unity between them, and they are reasonably connected by the coincidence of time, place and circumstances. *Ripley v. Rodgers,* S. C., 50 S. E. (2d) 575.

Adherence to this procedure, however, does not mean that the clear intent of the statute which defines what causes may be united in one action, may be disregarded.

The two causes of action sought to be joined must be materially allied in substance and interrelated before they can properly be united in one suit. *Strickland v. Anderson,* 186 S. C. 482, 196 S. E. 184; *Cline v. Southern R. Co.,* 110 S. C. 534, 96 S. E. ·532. As was pointed out in *Pressley v. Great Atlantic & Pacific Tea Co.,* 226 N. C. 518, 39 S. E. (2d) 382, if there is a lack of substantial identity, the several causes of action may, for their decision, depend upon very different facts and principles of law, which would tend to confusion and uncertainty in the trial of the case, and result in great prejudice to some, if not all, of the parties.

In *Ripley v. Rodgers,* S. C., 50 S. E. (2d) 575, we held that the two causes of action therein set up, one for personal injuries and the other for defamation of character, might be joined because as to them a connected story could be told; they were closely allied to each other by the coincidence of time, place, and circumstances. However, these elements are altogether absent in the·case now before us. The two causes

of action constitute distinct and separate claims relating to two different controversies, which are unrelated and independent. They are altogether lacking in unity.

Here, the second alleged cause of action arose more than a year after the criminal prosecution by the appellants had been commenced, and while the car was temporarily in possession of appellants by order of the magistrate to satisfy the mechanic's lien claimed.

The first cause of action relates to damage to the respondent's personal rights, the second to damages alleged to have been done to his car more than a year later. The facts on which the first cause of action is based, constitute no proper part of the second cause of action. While a connected story may be told of the sequence of events, the connection is too remote, uncertain and attenuated in order to say that both arose out of the same transaction or transactions, connected with the same subject of action. There is no real proximate relation between the two. While remoteness in point of time between the origin of the two causes of action is not necessarily controlling, yet this factor has its bearing and influence when taken together with all of the other circumstances.

Applying to the case before us the principles enunciated in the cases cited, we are of the opinion that the two causes of action set out in the complaint are improperly united, and that the court erred in overruling the demurrer on the ground of misjoinder.

Appellants contend that the claim and delivery proceeding instituted by the respondent against appellants to recover possession of his automobile, constitutes a bar to the cause of action for damages to the vehicle in the present litigation on the ground of *res judicata*. This position was ruled on adversely by the lower court, and we agree with that decision.

There is no allegation in the complaint in this action to the effect that respondent in the claim and delivery proceed-

ing sought damages for injury to the vehicle while it was in the possession of the appellants, nor does it appear that at such time he had any knowledge of any damage thereto.

The essential elements of *res judicata* are, (1) identity of parties; (2) identity of the subject-matter; and (3) an adjudication in a former suit on the precise question sought to be raised in the second suit. *Lyerly v. Yeadon,* 199 S. C. 363, 19 S. E. (2d) 648.

It is true that in this case and in the claim and delivery proceeding, we have identity of parties, but the other two essential elements of *res judicata* are not present. In the claim and delivery proceeding, the only issue presented and passed upon was the right of possession. In this case, the cause of action is founded upon a different claim—that is, damages to the vehicle due to the negligence of appellants while it was in their possession. However, as hereinabove adjudicated, the two causes of action cannot be joined in one suit.

The judgment below is reversed with respect to the joinder of the two causes of action, and the case is remanded with leave to the respondent to amend his complaint as he may be advised; and to serve the same upon appellants' attorney within twenty days after the remittitur is sent down; and that the appellants have twenty days after such service within which to plead to the complaint.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.