17947

Marlon F. WINTER, as Receiver for W. J. Branton and L. L. Branton, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY *et al.,* of whom U. S. Fidelity & Guaranty Company, Banks Construction Company, Inc., and Southern Equipment Sales Company, Inc., are Appellants.

(126 S. E. (2d) 724)

562

*Edgar L. Morris, Esq.,* of Columbia, *for Defendant-Appellant,*

*Messrs. Barnwell, Whaley, Sttvenson & Patterson,* of Charleston, *for Appellant,*

*Messrs. Winter & Winter,* of Columbia, *for Respondent,*

*Messrs. Winter & Winter,* of Columbia, *for respondent,*

*Messrs. Barnwell, Whaley, Stevenson & Patterson,* of Charleston, *for Appellant,*

July 27, 1962.

Moss, Justice.

Marion F. Winter, as the duly appointed receiver of W. J. Branton and L. L. Branton, by this action, seeks to marshall their assets for the benefit of creditors and adjust claims and liabilities of the said Brantons, and is seeking to

hold United States Fidelity & Guaranty Company liable on its bond guaranteeing the performance of the contract hereinafter referred to, and asks damages against the surety company for breaching and causing the breach of the contract; and is also seeking damages, in the alternative, against United States Fidelity & Guaranty Company, Banks Construction Company, and Southern Equipment Sales Company for breach of contract and causing the breach thereof, and damages resulting from a civil conspiracy.

It appears from the record that in the year 1956 Banks Construction Company, Inc., entered into a contract with the South Carolina State Highway Department for the furnishing of labor, equipment, materials for the construction of certain roads or highways in Charleston and Dorchester Counties, according to plans and specifications furnished by the said Highway Department. The United States Fidelity & Guaranty Company executed and delivered to the State Highway Department, as surety for said Banks Construction Company, Inc., a bond conditioned for the faithful and proper performance of the said contract.

Banks Construction Company, Inc., entered into a contract with L. L. Branton and W. J. Branton, whereby they agreed to build and construct all of the roads referred to in the contract of Banks Construction Company, Inc., with the State Highway Department, excepting however the surface treatment thereof, and was to be paid therefor the contract price, except ten percent thereof which was to be retained by said Banks Construction Company, Inc., as a share of the profits. The complaint alleges that the Brantons entered upon the performance of their subcontract and furnished a large and substantial portion of work, labor and materials for compliance with the contract, including additions thereto and alterations thereof, and as the work progressed, they furnished progress reports and estimates of work completed under supervision of and with approval of engineers of the State Highway Department, and received, from time to time, various payments on the said contract.

The complaint further alleges that Banks Construction Company, Inc., experienced financial difficulties, and because thereof defaulted in the payments due the Brantons and as a result thereof the Brantons defaulted in making payments to their creditors. It is then alleged that the United States Fidelity & Guaranty Company, as surety, took over the financing, supervision and management of certain affairs of Banks Construction Company, Inc., including the performance of the principal contract with the State Highway Department for the building of the roads and highways mentioned in the contract. It is further alleged that the United States Fidelity & Guaranty Company collected and appropriated to its own use the final payment for the construction of the said roads and highways mentioned in said contract, and the Brantons were not paid in accordance with their contract with Banks, and from payments that were made to the Brantons, more than ten percent was deducted and withheld in violation of their contract. It is then alleged that the Brantons have never been paid for extra work and material furnished by them. It is further alleged that the United States Fidelity & Guaranty Company, with full knowledge of the rights of the said Brantons, without notice to them, or with their consent, and in violation of their contract, moved equipment upon and commenced the completion of certain portions of the roads or highways included in the contract, thereby depriving the Brantons of their right to complete their contract and of the profit that would accrue therefrom. It is further alleged that the Brantons bought valuable and costly machinery for the purpose of performing their contract and that the only means of payment for such equipment was the installment payments to be received by them as the work under said contract progressed, and on account of the withholding of payments and money due them by the said United States Fidelity & Guaranty Company, and its principal, Banks Construction Company, Inc., and by the wrongful acts of Southern Equipment Sales Company, Inc., all combining and concurring together, the Brantons lost the said

machinery and equipment after they had acquired a large equity therein, and that they suffered great loss on account thereof and were forced out of the road contracting business. It is then alleged that the Brantons became financially embarrassed on account of the wrongful withholding of funds to which they were entitled under their contract. It is then alleged that Southern Equipment Sales Company, Inc., held a mortage on certain equipment and road machinery belonging to the Brantons and that because of the financial embarrassment of the Brantons, the said Southern Equipment Sales Company, Inc., agreed to take one mortage covering all of said machinery and equipment and to refinance and pay all outstanding obligations thereon and reduce the payments and allow a reasonable time for payment of said mortage obligation, but after obtaining such mortgage, the said Southern Equipment Sales Company, Inc., breached its agreement and wrongfully took and possessed the said machinery and equipment from the Brantons and did, thereafter, fraudulently convert and appropriate to its own use all of said machinery and equipment.

The complaint asserts that the receiver for the Brantons is entitled to an accounting and a recovery of the amounts found to be due to the said Brantons on the road building contract. In addition, damages are sought against the United States Fidelity & Guaranty Company for breaching the contract and causing a breach thereof, resulting in loss of equity and equipment, and loss of business profits.

It is also asserted that the parties having claims against the Brantons be directed to prove the same in this proceeding, and that the reciever, after the payment of the costs and expenses of the action, be directed as to the disbursement of the funds marshalled in this action.

In paragraph 18 of the complaint it is alleged that United States Fidelity & Guaranty Company, Banks Construction Company, Inc., and Southern Equipment Sales Company, Inc., colluded and conspired together to damage and injure

the Brantons, and to deprive them of their machinery and equipment, and to breach their road building contract herein referred to, and to break them financially and put them out of the road building business and to destroy their established business, credit and good will, and that all of the wrongs, damage and injury herein alleged, were done and accomplished by and as a result of the conspiracy and the wrongful acts and conduct of each of the aforementioned parties, severally, and to the joint and concurrent acts, conduct, collusion and conspiring of either two or all of the said defendants, combining and concurring together without which said injury and damage would not have occurred, and by which all of the above mentioned results were accomplished. In the alternative, the receiver demands judgment against United States Fidelity & Guaranty Company, Banks Construction Company, Inc., and Southern Equipment Sales Company, Inc., or any two of them for the breach of the contract and causing the breach thereof in the amount of $200,000.00.

Southern Equipment Sales Company, Inc., one of the appellants herein, moved before the trial Judge to require the plaintiff to make paragraph 18 of the complaint more definite and certain in several particulars. The motion was refused and the appellant is before this Court upon a single exception, as stated by it, as follows:

"That His Honor erred in refusing to grant Paragraph 6 of Appellant, Southern Equipment Sales Company's Motion to Make More Definite and Certain, the error being that the Appellant was entitled to the information requested therein."

The foregoing exception is entirely too general, vague and indefinite to be considered. It does not comply with Rule 4, Section 6, of this Court, which provides, as follows:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to

any other exception then or previously taken, or request to charge will not be considered. * * *"

We have held in many cases that every ground of appeal ought to be so distinctly stated that the Court may at once see the point which it is called upon to decide without having to "grope in the dark" to ascertain the precise point at issue. We have often held that the proper office of an exception is to point out some specific error complained of, and that an exception faulty in this respect will not be considered. The object of an exception is to present some distinct principle or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken and to present it in such form that it may be properly reviewed. We have also held that each exception should contain a clear, succinct statement of the grounds upon which the motion referred to was based. *Hewitt v. Reserve Life Ins. Co.*, 235 S. C. 201, 110 S. E. ( 2d) 852, and *Fruehauf Trailer Co. v. McElmurray,* 236 S. C. 141, 113 S. E. (2d) 756. It is readily apparent that the exception of the appellant hereinabove quoted is deficient and does not comply with Rule 4, Section 6. We conclude, therefore, that the appeal of Southern Equipment Sales Co., Inc. should be dismissed.

The United States Fidelity & Guaranty Company and Banks Construction Company, Inc., appellants herein, filed separate demurrers to the complaint on the ground that several inconsistent causes of action have been improperly joined in one complaint. Specifically, it is charged that the complaint seeks damages arising out of a breach of contract, and also seeks a remedy in the nature of an accounting, which presupposes the performance and validity of the contract, and hence the two purported causes of action are repugnant and inconsistent. It is further urged that the complaint contains more than one cause of action, one being in tort and another in contract. Both demurrers of the appellants were overruled by the lower Court and this appeal followed. The sole question for determination in this Court is whether sev-

eral inconsistent causes of action are improperly joined in the same complaint.

Section 10-701 of the 1952 Code of Laws provides that:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable or both, when they all arise out of:

"(1) The same transaction or transactions connected with the same subject of action."

The primary purpose of the foregoing section of the Code is to authorize the joinder of causes of action germane to each other, and thereby avoid as far as possible a multiplicity of suits, to the end that controversies may be expeditiously settled in one action at a minimum cost to the litigants and the public, the dominant idea being to permit the joinder of causes of action, legal or equitable, where there is some substantial unity between them, and they are reasonably connected by the coincidences of time, place and circumstances. The causes of action sought to be joined must be materially allied in substance and interrelated before they can properly be united in one suit. *Martin v. Keith,* 214 S. C. 241, 52 S. E. (2d) 22.

It will be noted that under Section 10-701 of the Code, above quoted, that several causes of action, whether they be such as have heretofore been denominated legal or equitable or both, may be united in the same complaint, where they all arise out of (1) the same transaction, or (2) transactions connected with the same subject of action.

In the case of *Ripley v. Rodgers,* 213 S. C. 541, 50 S. E. (2d) 575, this Court held that the two causes of action therein set up, one for personal injuries and the other for defamation of character might be joined because as to them a connected story could be told; they were closely allied to each other by the coincidence of time, place and circumstances. In the cited case this Court said:

"A review of the authorities discloses that courts and text writers have expended much time and learning in attempting to define the meaning of the word 'transaction,' and the meaning of the phrase, 'Subject of the action,' as used in the statute relating to the joinder of causes of action. Despite the efforts of the courts at generalization, the statute has remained a matter for specific application to the facts of each particular case. The term 'transaction' is generally held to embrace and have reference to all the acts, or groups of related acts, which go to make up one entire project, system or deal, and includes all the facts and circumstances out of which the injuries complained of arise. The dominant idea is to permit joinder of causes of action, legal or equitable, where there is some substantial unity, and a liberal construction according to the rules as to remedial laws should be given. *Griffin v. Scott,* 203 S. C. 430, 27 S. E. (2d) 570; *Stuckey v. Metropolitan Life Ins. Co.,* 195 S. C. 358, 11 S. E. (2d) 391; *Cline v. Southern R. Co.,* 110 S. C. 534, 96 S. E. 532; 1 Am. Jur., Sections 84, 85, Pages 470, 471; 1 C. J. S., Actions, § 77, Page 1222."

In the case of *Cline v. Southern R. Co.,* 110 S. C. 534, 96 S. E. 532, this Court approved the joinder of two causes of action for (1) the fraudulent breach of a parol contract, and (2) for the fraudulent procurement of the same parol contract, and stated: "Without any verbal and lengthy discussions of the words of the Code of Procedure, or of the cases, the two causes of action pleaded are so allied in substance and in time and in parties as to make them so akin as to be tried together."

In the case of *Stuckey v. Metropolitan Life Ins. Co.,* 195 S. C. 358, 11 S. E. (2d). 391, it was held that there may be joined in one complaint a cause of action for fraud and deceit in procuring the execution of a contract with a cause of action for the breach of the same contract. It was further held that contract and tort actions are not necessarily so inconsistent as to preclude their joinder where both arise from

the same transaction or from transactions connected with the subject of the action.

In the case of *Kneece v. Colonial Life & Accident Ins. Co.,* 202 S. C. 412, 25 S. E. (2d) 290, it was held that an action for payments due under accident insurance policy on account of disability and an action for fraudulent cancellation of policy related to the "same transaction", namely the insurance policy, and could be combined in one complaint, and such causes of action were not inconsistent. This Court said:

"And we do not think that the stated causes of action are inconsistent. The first is for an alleged failure of compliance with the terms of the policy, without attendant fraud, and the second is for an alleged breach subsequently occurring, attended with fraud. Inconsistency is absent because the two causes of action relate to different periods in the life of the contract and therefore do not coincide.

"A holding of improper joinder under the circumstances of this case would apparently require two separate actions upon the same contract, one for the first and simple breach and the other for the subsequent alleged fraudulent breach. Such would certainly not be in accord with the legislative intent evidenced by the cited statute and it is not required by the decided cases which have come to our attention."

According to the allegations of the complaint the Brantons performed a goodly portion of their contract with Banks Construction Company, Inc., and for the part of the contract so performed, the respondent asks for an accounting and judgment for the amount found to be due. This is a distinct affirmation of the contract rather than a repudiation thereof. It is then alleged that the Brantons were not allowed to perform the remaining portion of their contract and alleges that there was a conspiracy on the part of United States Fidelity & Guaranty Company, Banks Construction Company, Inc. and Southern Equipment Sales Company, Inc. to bring about a breach of the contract and to prevent the performance thereof by the Brantons, with re-

sulting damage to them. Again, we find an affirmation of the contract rather than a repudiation thereof.

The causes of action set forth in the complaint, to which the demurrers were directed, are not repugnant, inconsistent and contradictory. On the contrary, they are germane to each other and are materially allied and interrelated in substance. The two causes of action arise out of a transaction connected with the subject of the action, both of which spring from the contract between the Brantons and Banks Construction Company, Inc. We think that the rule announced in the *Kneece case* is conclusive of the issue here. Properly, the trial Judge overruled the demurrers of the appellants.

The appellants rely upon the case of *Walker v. McDonald,* 136 S. C. 231, 134 S. E. 222. In that case the complaint set up two causes of action separately stated, one for the recovery of a specific sum of money paid by the plaintiff to the defendant for a half interest in a partnership, upon the ground that the plaintiff was induced to enter into such partnership and parted with his money through fraud and deceit; and the other cause of action was for a specified balance alleged to be due the plaintiff by the defendant as his share of the net profits of the partnership business, which would be ascertained upon an accounting which he demanded. The Court held that the plaintiff's first cause of action was a repudiation or disaffirmance of the partnership; while the second cause of action was for an accounting of the partnership affairs, and affirmation of a contract of partnership, which was repudiated in the first cause of action. The two causes of action were definitely inconsistent and could not stand together. This Court concluded that the cause of action for alleged fraud and deceit in inducing the partnership contract was improperly joined with the cause of action for an accounting of the partnership affairs. The situation in the cited case is different from that in the instant case.

We point out that neither of the demurrers raised an objection that the complaint improperly joined several causes of action which did not affect all of the

parties to the action, in violation of Sec. 10-701, Code of 1952. The demurrer of the appellant surety company was on the ground that the complaint improperly joined inconsistent causes of action against it. That of the appellant construction company was in more general terms. However, the only ground which was argued in the lower court in support of either demurrer, or which was passed on in the order appealed from, was that the complaint improperly joined inconsistent causes of action against each of these two defendants. Therefore, under the well settled rule, the other points argued in appellants' brief are not available here. The only question properly before us is whether the claim for compensation for work performed under the construction contract is inconsistent with the claim to damages for its subsequent breach.

The appellants take the position that an action for an accounting is equitable in nature, while an action for the breach of a contract and the damages flowing therefrom are legal and present a jury issue. Under our Code practice, legal and equitable issues and rights may be asserted in the same complaint, and legal and equitable remedies and relief afforded in the same action. In such event the legal issues are for determination by a jury and the equitable issues for the Judge sitting as a chancellor. *Standard Warehouse Company v. Atlantic Coast Line R. Co.,* 222 S. C. 93, 71 S. E. (2d) 893.

The respondent has appealed from the order of the trial Judge settling the case for appeal. It is insisted that the trial Judge erred in failing to allow the printing of the portion of the order appointing the respondent as receiver and directing him to bring suit; and in failing to allow the printing of an order of the United States District Court remanding the case to the State Court. In our consideration of the appeal here, we are concerned only with the factual allegations of the complaint and the grounds of the demurrers. *Franks v. Anthony et al.,* 231 S. C. 191, 97 S. E. (2d) 891. The inclusion of the order appointing the re-

spondent receiver for the Brantons and the order of the United States District Court remanding this case to the State Court had no relevancy to the issues to be decided on this appeal, nor were such a part of the complaint. It was unnecessary to include the aforesaid orders in the transcript of record. The trial Judge was correct in disallowing the printing of such. The cost of the printing of the appendix should be borne by the respondent.

We conclude that the appeal of Southern Equipment Sales Company, Inc. should be dismissed and the order of the trial Judge overruling the demurrers should be affirmed.

TAYLOR, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., disqualified.