LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

## 20993

Lorrell LEWIS, Respondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson, d/b/a George Richardson Farm Supply, and Sperry-Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

James Burt ANDERSON, Respondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

James Bobby ANDERSON, Respondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

Lacy STRICKLAND and Ira B. Martin, Respondents, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson, d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

Audie W. SUGGS, Respondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, Frank W. Cameron, d/b/a Loris Equipment Company, Inc., and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

Joseph Wayne HARDWICK and Earlene A. Hardwick, Respondents, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

Wilson RABON, Respondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson, d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

Joe E. SMITH, Jr., Respondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson, d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

M. T. RABON, Resondent, v. EAGLE MACHINE COMPANY LIMITED, Sperry Rand Corporation, George Richardson d/b/a George Richardson Farm Supply, and Sperry Rand Canada Limited, of whom Eagle Machine Company Limited, is Respondent and Sperry Rand Corporation is Appellant.

(256 S. E. (2d) 319)

*Henry B. Smythe* of *Buist, Moore, Smythe & McGee,* Charleston, *for appellant.*

*John B. McCutcheon* of *McCutcheon & McCutcheon,* Conway, *for respondent Eagle Mach. Co., Ltd.*

*James P. Stevens, Jr.* of *Stevens, Stevens & Thomas, Loris, J. Dwight Hudson* of *Burroughs, Green, Sasser, Hud-*

*son & Bruner* and *W. T. Johnson, Jr.* of *Johnson & Horton,* Conway, *for plaintiffs-respondents.*

June 21, 1979.

NESS, Justice:

This appeal is from orders which refused to require that causes of action be separately stated and refused to find that separate causes of action were improperly joined. We affirm.

Appellant Sperry Rand Corporation sold hydraulic pumps to Sperry Rand Canada, Ltd. which sold the pumps to respondent Eagle Machine Co., Ltd. Eagle manufactured and sold Hawk Automatic Tobacco Pickers, with each picker containing one of the hydraulic pumps. A Hawk tobacco picker was sold to each of the plaintiffs in the sixteen cases on appeal by one of two retail dealers.

When the tobacco pickers malfunctioned, each plaintiff brought a breach of warranty action against all four sellers in the chain of distribution. Each complaint sets out only one cause of action against the four named defendants. Respondent Eagle filed a cross-complaint against appellant Sperry Rand and Sperry Rand Canada.

Appellant moved to make the complaints more definite and certain by separately stating the four causes of action for breach of warranty based on four separate contracts of sale entered into by the four sellers. Appellant also moved to make the cross-complaints more definite and certain by separately stating the causes of action based upon the two contracts of sale in which appellant and Sperry Rand Canada were sellers. Appellant also demurred to the complaints and the cross-complaints on the grounds that the separate causes of action did not affect all the parties as required by Code § 15-15-10 and, therefore, could not be joined in the same action. This appeal is from a denial of those motions.

Initially, appellant asserts the trial court erred in refusing to require that the jumbled causes of action in the complaints and cross-complaints be separately stated. Appellant's posi-

tion is, essentially, that there can be no joint liability in a breach of warranty action unless there is a joint contract, and since there were four separate contracts each cause of action should be separately stated. We disagree.

Code § 15-15-10 (1976) allows a palintiff to unite in the same complaint several causes of action when they all arise from:

"(1) The same transaction or transactions connected with the same subject of action;

"(2) Contract, express or implied;

"(3) Injuries with or without force to person and property or either;

"(4) Injuries to character;

"(5) Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of such property;

"(6) Claims to recover personal property, with or without damages for the withholding thereof; or

"(7) Claims against a trustee by virtue of a contract or by operation of law.

"But the causes of action so united must:

"(a) all belong to one of these classes,

"(b) except in actions for the foreclosure of mortgages, affect all the parties to the action,

"(c) not require different places of trial and

"(d) be separately stated."

Respondent Lewis takes the position there is but one cause of action, i. e., breach of implied warranty of merchantability and fitness of purpose. According to Lewis, the cause of action does not emanate directly from the various contracts but rather from the malfunctioning of the tobacco picker. We concur, and affirm the order refusing to require respondent to separately state each cause of action.

Appellant next contends the trial court erred in refusing to find that the separate causes of action were improperly joined. Relying on the quoted language of Section 15-15-10(b), appellant argues that all of the various causes of action do not "affect all the parties to the action." We disagree.

Appellant is attempting to re-assert the requirement of privity which was discredited in *Gasque v. Eagle Machine Co.,* 270 S. C. 499, 243 S. E. (2d) 831 (1978). Appellant seeks by demurrer to force the respondent to bring separate lawsuits on each contract in the chain of distribution. This goes against the purpose of Code § 15-15-10, which is to avoid a multiplicity of suits. *Martin v. Keith,* 214 S. C. 241, 52 S. E. (2d) 22 (1949) ; *Winter v. U. S. Fidelity & Guaranty Co.,* 240 S. C. 561, 126 S. E. (2d) 724 (1962).

Appellant's contention that its liability is separate and distinct, and unrelated to any liability that the other three defendants may have is untenable. All transactions in the suit are connected with the Hawk tobacco picker and all deal with injury to property. The fact that there are numerous contracts in the chain of distribution does not mean the liability of appellant is separate and distinct and unrelated to any liability of the other defendants. As stated in *Cooper v. Georgia Casualty and Surety Co.,* 244 S. C. 286, 136 S. E. (2d) 774 (1964):

"The marked tendency of the Courts is to permit joinder whenever the nature of the case, the interest involved, and the relief demanded make it appropriate that the entire controversy should be determined in one action. 1 C.J.S. Actions § 96, p. 1273. *While causes of action involving different defendants cannot be joined unless all of the defendants are affected by them, it is not necessary that they should all be affected in the same manner or to the same extent."* (Emphasis supplied).

We conclude the trial court correctly held that the separate causes of action were properly joined.

Affirmed.

..LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.