1460

FOREST DUNES ASSOCIATES, A North Carolina General Partnership, and Joe M. Lowrance, Brent M. Milgrom, David T. Collier and Kenneth Collins as Partners of Forest Dunes Association; and Preferred Investments, Respondents v. CLUB CARIB, INC., Appellant.

(390 S. E. (2d) 368)

Court of Appeals

*John R. Clarke* and *William I. Diggs* of *Law Offices of John R. Clarke,* North Myrtle Beach, *for appellant.*

*Linda Weeks Gwin* of *Thompson, Henry & Gwin,* Conway, *for respondents.*

Heard Jan. 16, 1990.

Decided Feb. 20, 1990.

SHAW, Judge:

Respondents brought this action to evict appellant, Club Carib, Inc., from premises known as the Caribbean Cafe Restaurant located on the first floor of the Forest Dunes Horizontal Property Regime in Myrtle Beach, South Carolina. The appellant counterclaimed seeking a declaratory judgment that it held a valid lease on the premises and damages for breach of warranty of quiet enjoyment. The case was referred with finality to a special referee who issued an order of eviction, awarded back rent to respondents and dismissed the appellant's counterclaims.

The appellant originally raised eleven exceptions to the referee's order but has abandoned five of them by failing to argue them in the brief. *See Barr v. Barr,* 287 S. C. 13, 336 S. E. (2d) 481 (Ct. App. 1985). Because we find all of the remaining exceptions do not comply with Supreme Court Rule 4, § 6, we dismiss the appeal.

The following six exceptions were listed by the appellant and were assigned to one of the two issues argued in appellant's brief.

> 1. The Special Referee erred and abused his discretion by failing to find that the Respondents were estopped from denying the validity of the Appellant's lease on the premises owned by the Respondents.
> 2. The Special Referee committed reversible error by failing to issue a Declaratory Judgment for the Appellant which validated the Appellant's lease on the premises owned by the Respondents.
> 3. The Special Referee committed reversible error by

finding that the Respondents were entitled to evict the Appellant.

4. The Special Referee committed reversible error by finding that the Appellant was a tenant-at-will on the premises leased from the Respondents.

5. The Special Referee committed reversible error by failing to find that the Respondents had breached the warranty of quiet enjoyment, and the leasehold interest held by the Appellant.

6. The Special Referee committed reversible error by failing to award the Appellant damages for the Respondents' breach of the warranty of quiet enjoyment.

Rule 4, § 6 provides, in part, that "[e]ach exception must contain a concise statement of one proposition of law or fact which this Court is asked to review ..." and "[e]ach exception must contain within itself a complete assignment of error ...". The object of an exception is to point out some specific error complained of, to present some distinct principle or question of law which the appellant claims to have been violated by the lower court in the trial of the case and to present it in such a form that it may be properly reviewed. *Winter v. U. S. Fidelity & Guaranty Co.*, 240 S. C. 561, 126 S. E. (2d) 724 (1962). Every ground of appeal ought to be so distinctly stated that the reviewing court may at once see the point which it is called upon to decide without having to "grope in the dark" to ascertain the precise point at issue. *Id.* 126 S. E. (2d) at 727.

The appellant's exceptions clearly violate Rule 4, § 6 in that they are vague, general and overly broad and fail to state any concise proposition or contain a complete assignment of error. The exceptions merely charge the referee erred in his holding without specifying any basis in support of the conclusion that he erred. *See Larry's Wheel and Rim, Inc. v. C & S National Bank*, 271 S. C. 198, 246 S. E. (2d) 860 (1978).

We further note an examination of the record before us supports the findings of the referee and we find no error on his part.

Dismissed.

SANDERS, C. J., and GOOLSBY, J., concur.