**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Quartermaster at Broad Creek Landing Owners Association, Inc., Appellant,

v.

Broad Creek Landing Horizontal Property Regime, Respondent.

Appellate Case No. 2015-001568

―――――――――――

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

―――――――――――

Unpublished Opinion No. 2018-UP-026
Submitted December 1, 2017 – Filed January 17, 2018

―――――――――――

**AFFIRMED**

―――――――――――

Terry A. Finger, of Finger, Melnick & Brooks, P.A., of Hilton Head Island, for Appellant.

John S. Wilkerson, III, of Charleston, and David L. Moore, Jr., of Greenville, both of Turner Padget Graham & Laney, P.A., for Respondent.

―――――――――――

**PER CURIAM:** This appeal involves a dispute between Appellant Quartermaster at Broad Creek Landing Owner's Association, Inc. (Quartermaster) and

Respondent Broad Creek Landing Horizontal Property Regime (Regime) over the calculation of monthly assessments. Quartermaster filed this action claiming Regime miscalculated the assessments its individual members owed Regime for more than a decade. Quartermaster filed this appeal arguing many bases for reversing the master-in-equity's order in Regime's favor.

We affirm based on the two issue rule because Quartermaster failed to appeal the master's ruling that it lacked standing due to having no authority to bring the action. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Every ground of appeal ought to be so distinctly stated that the reviewing court may at once see the point which it is called upon to decide without having to 'grope in the dark' to ascertain the precise point at issue." (quoting *Forest Dunes Assocs. v. Club Carib, Inc.*, 301 S.C. 87, 89, 390 S.E.2d 368, 370 (Ct. App. 1990))); *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) (explaining an "unchallenged ruling, right or wrong, is the law of the case and requires affirmance"); *Jones*, 387 S.C. at 346, 692 S.E.2d at 903 ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (finding appellate courts are not precluded from addressing a preservation issue even when the parties themselves fail to raise the issue).

Here, the master found Quartermaster lacked standing to bring this action based on two grounds. First, the master found Quartermaster lacked standing because it was dissolved as a corporate entity in 1998. Second, the master found Quartermaster lacked standing because it did not have a board of directors or officers to authorize bringing this action. The master explained "a few disgruntled" members of Quartermaster brought this action "in the name of the non-existent entity." Thus, the master found Quartermaster did not have standing because it lacked authority to initiate this action.[1]

After a thorough review of Quartermaster's appellate brief, we find Quartermaster failed to raise or argue the issue of whether it lacked authority to bring this action. Quartermaster did not note the issue in its "Statement of the Issues on Appeal."

[1] The master made an additional finding on standing regarding Quartermaster's attempt to recover damages on behalf of its individual members. However, this third ruling on standing applied only to exclude Quartermaster's pursuit of monetary damages; it did not apply to bar the entire action.

*See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). Further, Quartermaster did not raise or argue the issue in the argument section of the brief. Thus, because Quartermaster failed to challenge the ruling on appeal, it is the law of the case. *See Soden*, 333 S.C. at 566, 511 S.E.2d at 378 (explaining an "unchallenged ruling, right or wrong, is the law of the case and requires affirmance").

Also, the master's finding regarding Quartermaster's lack of authority to bring this action was an independent ground for ruling in Regime's favor. Because the finding was an independent ground and it requires affirmance due to Quartermaster's failure to appeal it, we affirm the master's order under the two issue rule. *See Jones*, 387 S.C. at 346, 692 S.E.2d at 903 ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case.").

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.